WILLS—CONSTRUCTION—PURPOSE OF LEGACY.
    Testatrix bequeathed $25,000 to a church for the purpose of paying off a mortgage on the church. When the will was made, there was a mortgage of $25,000 on the church, on which, during the testatrix's lifetime, $11,000 was paid, part of which payment was subscribed by testatrix. *Held*, that the church was entitled to the entire amount of the legacy, after deducting so much only of the payment made on the mortgage during the testatrix's lifetime as was subscribed by her.

Proceedings for the probate of the will of Jane Gasten, deceased.

William Gasten, for proponent.
Burr, Coombs & Wilson, for Classon Avenue Presbyterian Church.
Campbell & Moore, for residuary legatees.
James W. Glendenning, special guardian.

ABBOTT, S.　Jane Gasten died on the 22d day of November, 1895, leaving a last will and testament, which was duly executed on the 7th day of June, 1890. On the probate of the will, construction under section 2624 of the Code is sought of the first paragraph, which reads as follows: "First. I hereby give and bequeath to the Classon Avenue Presbyterian Church, in the city of Brooklyn, county of Kings, and state of New York, the sum of twenty-five thousand dollars ($25,000), for the purpose of paying off the mortgage on said church, or the chapel belonging thereto, which was assumed for the purpose of building said chapel." At the time the will was penned, in 1890, there was a mortgage of $25,000 on said Classon Avenue Presbyterian Church, no part of which had been paid off. Subsequently, however, at various times, certain sums were paid on said mortgage, amounting in the aggregate to $11,000, so that at the time of the decease of the testatrix there was due and owing on said mortgage only the sum of $14,000, with some interest. The question to be determined is whether, under the said first clause of the will, the said church is entitled to the whole legacy of $25,000, or to only so much thereof as will enable it to pay off the mortgage as it now stands. The church, answering the petition for construction, alleges, among other things, "that subsequently to the execution of the said will the sum of $11,000 was paid on account of the principal of the mortgage in said will and said petitions referred to, of which payments the said Jane Gasten had knowledge, and towards making which payments she subscribed various amounts, yet, notwithstanding the said fact, the said Jane Gasten permitted her said will to remain unchanged and unaltered." This allegation is not denied. The counsel for the church rest on this answer, and have not presented to the court any brief to elucidate their view of the law. The counsel for the residuary legatees present an elaborate brief, contending that it was the expressed intention of the testatrix to give a legacy of $25,000, or so much thereof as might be necessary, to pay off the mortgage as it should exist at the time her will took effect, or, in other words, that the amount named was descriptive only, and the clause, "for the purpose of paying off the mortgage on the church," etc., serves as a limitation of the bequest as well as explanation of its purpose. After careful consideration of the brief and the authorities cited therein, I was at first inclined to take this view, but subsequent independent research has convinced me that it is erroneous, and the proper disposition of this question depends upon a different rule from any cited by the learned counsel. I have been unable to find any case in this state bearing directly upon the construction of such a clause as this, but in 1 Jarm. Wills (5th Ed.) p. 694, the following rule is laid down: "We are to consider whether, in cases where words are

added expressing a purpose for which the gift is made, such purpose is to be considered obligatory. Where the purpose of the gift is the benefit solely· of the donee himself, he can claim the gift without applying it to the purpose, and that, it is conceived, whether the purpose be in terms obligatory or not. Thus, if a sum of money be bequeathed to purchase for any person a ring, or a life annuity, or a house, or to set him up in business,·or for his maintenance and education, or to bind him apprentice, or towards the printing of a book the·profits of which are to be for his benefit, the legatee may claim the money without applying it, or binding himself to apply it, to the specified purpose; and even in spite of an express declaration by the testator that he shall not be permitted to receive the money. Apreece v. Apreece, 1 Ves. & B. 364; Dawson v. Hearn, 1 Russ. & M. 606; Ford v. Batley, 17 Beav. 303; Knox v. Hotham, 15 Sim. 82; Gough v. Bult, 16 Sim. 45; Webb v. Kelly, 9 Sim. 472; Barlow v. Grant, 1 Vern. 255. In Lockhart v. Hardy, 9 Beav. 379, it was held that a legacy to a devisee to pay off a mortgage debt on the estate devised to him was held good though the mortgage was foreclosed in the testator's lifetime. These cases rest on the principle that the court will not compel that to be done which the legatee may undo the next moment, as by selling the thing to be purchased or giving up the business." This rule, in my opinion, is the proper one to be applied in this case, and the whole amount of the legacy should be paid to the church, irrespective of the purpose. I have no doubt that the principle of ademption applies to this legacy in so far as it has been reduced by the subscriptions of the testatrix towards paying off the mortgage; but it applies no further, as there can be no ademption by strangers. Rop. Leg. 380. I will order a reference in this matter to ascertain the amount subscribed and paid by the testatrix towards the reduction of the church mortgage, and, when this is ascertained, a decree may be presented providing for the ademption of the legacy accordingly.

Ordered accordingly.