In the Matter of the Accounting of ALBERT E. LAMB,
as Trustee under the Will of ARTHUR GIBB, Deceased.
EMILY M. GIBB et al., Appellants.
WILLARD W. CUTLER et al., as Trustees, et al., Respond-
ents and Appellants.
BROOKLYN TRUST COMPANY, as Executor of SARAH
M. GIBB, Deceased, Respondent.

*Matter of Lamb*, 182 App. Div. 180, affirmed.

(Argued May 27, 1918; decided July 12, 1918.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department,
entered March 7, 1918, which modified and affirmed as
modified a decree of the Nassau County Surrogate's
Court construing the will of Arthur Gibb, deceased.
By his will testator provided: " *Second.* I give and
bequeath to my Executors hereinafter named, the sum of
Two Hundred Thousand ($200,000) Dollars, in trust
however, for the following purposes, to wit: To invest
and keep invested, and collect and receive the interest
and income derived therefrom, and pay over the same in
semi-annual instalments, to my step-mother Sarah M.
Gibb, for and during her natural life, and upon her
decease to pay over the principal of said Trust Fund,
together with all interest and income earned and accrued
and unpaid, to my brothers Henry Elmer Gibb and Lewis
Mills Gibb, share and share alike, whereupon said Trust
shall cease and determine." The two brothers died
before the life beneficiary and the question was whether
on her death the principal of the trust fund fell into the
residuary estate, or whether the gift to them became
vested on the death of the testator and the principal
of the fund is now payable to their respective estates.
There was a further question involved as to whether the
interest accrued on the trust fund to the date of the life
tenant's death should be paid to her estate or should go
to the parties entitled to receive the principal of the
trust fund. On the first point the surrogate held that

37

the principal of the fund was to be divided between the estates of the two brothers. On the second point the surrogate held that the accrued interest should also go to the estates of the two brothers. The Appellate Division affirmed the decree of the surrogate on the first point, but modified it on the second, holding that the accrued interest up to the date of the death of the life tenant belonged to her estate.

*Arthur H. Masten* and *Sinclair Hamilton* for Emily M. Gibb et al., appellants.

*Edward B. Thompson* for Bache McE. Whitlock et al., appellants.

*John Hill Morgan* for Willard W. Cutler et al., as trustees, respondents and appellants.

*Jeremiah Wood* for Arthur Gibb et al., respondents and appellants.

*Francis L. Archer* for Brooklyn Trust Company, as executor, respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.