In the Matter of the Judicial Settlement of the Account of TITLE GUARANTEE AND TRUST COMPANY, as Substituted Trustee under the Last Will and Testament of WILLIAM GEE, Deceased.

WILLIAM HERMANN and Others, Appellants; TITLE GUARANTEE AND TRUST COMPANY and Others, Respondents.

First Department, June 2, 1922.

Wills — construction — bequest to divide and pay over remainder to daughters of testator's deceased brothers after termination of trust for benefit of wife — death of daughters of one deceased brother, before termination of trust, leaving descendants — daughters of deceased brothers took vested interest — children of deceased daughters are entitled to take parents' share.

Under a will which provides that after the termination of a trust in favor of the testator's wife, the executors should divide, convey and pay over the principal of the trust to the " daughters of my brother George Gee, deceased, and the daughters of my brother, Jacob A. Gee, deceased, in equal proportions, share and share alike," the daughters of the deceased brothers took a vested interest, and where the daughters of one brother died before the termination of the life estate, their children were entitled to the share of their parents.

APPEAL by William Hermann and others from a decree of the Surrogate's Court of the county of New York, entered in the office of the clerk of said Surrogate's Court on the 7th day of January, 1922, upon the judicial settlement of the account of the Title Guarantee and Trust Company, as substituted trustee under the last will and testament of William Gee, deceased.

*Hartley G. Pelletier* of counsel, for the appellants.

*Charles S. Fettretch* of counsel [*Edward S. Clinch*, attorney for Title Guarantee and Trust Company; *O'Connell & McConnell*, attorneys for Annie M. and Kate L. O'Brien], for the respondents.

SMITH, J.:

The only question raised is upon the construction of the will of William Gee.[*] By that will he directs the payment of the expenses of his death and his funeral. He gives to his half-brother a diamond pin and some other items of personal property, and paragraph 3 reads as follows: " *Third*. All the rest, residue and remainder of my estate real and personal and wheresoever the same may be situated at the time of my decease, I give, devise and bequeath unto my executor hereinafter named in trust in the first place to take possession of my said estate, and to rent out and to lease my said real estate for such terms, and upon such conditions as he may deem beneficial for my said estate and to invest and keep invested upon good and sufficient security my said personal estate and after deducting and paying out from the rents, profits, income and interest thereof all taxes, assessments, interest monies, insurance, repairs and all other necessary and legal expenses to pay over the balance thereof unto my wife Lydia A. Gee for her own use and benefit, for and during her natural life.

" In trust in the last place from and after the decease of my said wife, to divide, convey and pay over my said real and personal estate, unto the daughters of my brother George Gee, deceased, and the daughters of my brother Jacob A. Gee, deceased, in equal proportions, share and share alike.

" Lastly I do hereby nominate and appoint my said brother Elisha E. Selchow of the City of New York, executor of this my last will and testament and constitute him trustee of this my last will and testament and authorize and empower him to sell and convey all of my said estate or any part thereof for the purpose of fulfilling and carrying out the provisions of this my said will, and upon such sales to make, execute and deliver to the purchaser or purchasers thereof, any and all legal conveyances and instruments therefor."

At the decease of William Gee there were living two daughters to his brother George Gee and also three daughters to his brother Jacob A. Gee. Before the death of the widow of William Gee, both the daughters of George had died, leaving, however, descendants surviving. The question here for consideration is as to whether the children of these daughters of George Gee are entitled to participate in this property after the death of Lydia Gee, the widow

of William Gee, the testator. It is hardly necessary to cite the many cases which hold that, under a clause providing for a division of the estate and payment over after the death of a party to a certain class, those of the class living at the time of the death are the persons entitled to that estate. This divide-and-pay-over rule has been many times held and was held with some tenacity in the earlier decisions. In *United States Trust Co.* v. *Taylor* (193 App. Div. 153) this court held: " The so-called ' divide and pay over ' rule of construction is merely a canon of construction and is subsidiary to the general intention of the testator as expressed in his will and is merely invoked as an aid in the ascertaining of such intention." Attention was there called to the rule of law which in the interpretation of wills favors the vesting of estates. In *Dickerson* v. *Sheehy* (209 N. Y. 592) Chief Judge CULLEN criticized this rule very severely and said that it had never been applied where it would disinherit any one of the testator's blood. (See, also, *Cammann* v. *Bailey*, 210 N. Y. 32, 33; *Connelly* v. *O'Brien*, 166 id. 406.)

While in the case at bar the application of the divide-and-pay-over rule would not disinherit one of the blood of the deceased, nevertheless, the intention seems to me plainly indicated by the direction to pay over to the children of the brother George, and also to the children of the brother Jacob, in equal proportions, share and share alike. Under the construction given to the will in the Surrogate's Court neither the children of George nor their descendants get any part of this estate, and we do not believe that it was the intention of the testator to exclude these children from a vested interest and to exclude their children from all interest in case the children of his brother should die before the death of the life beneficiary. The presumption of an intention to vest the estate under the circumstances existing at the time of the death of the testator calls, we think, for an interpretation of the will that would vest the estate in these children of the brother George and the brother Jacob at the death of William Gee, the testator.

It follows that the decree of the surrogate should be reversed, and the contention of the appellants should be sustained, with costs to the appellants from the trust fund, and the proceeding remitted to the surrogate for further action in accordance with this opinion.

CLARKE, P. J., PAGE, MERRELL and GREENBAUM, JJ., concur.

Decree reversed, with costs to appellants payable out of the trust fund, and proceeding remitted to surrogate for further action in accordance with opinion.