### In the Matter of the Estate of Rosie Miller, Deceased.

Surrogate's Court, New York County, June, 1922.

*Wills — demonstrative legacies — bequests payable from proceeds of sale of designated real estate — sale by testatrix before death — when legatees can resort to general estate — indefinite legacy void — sale of parcel of land specifically devised causes devise to lapse.*

Proceedings for the settlement of the accounts of the executor.

*Jacob M. Rudy* (*Leslie J. Tompkins*, of counsel), for executor.

*Wm. Harman Black* (*Samuel I. Rosenman* and *Clement Dunbar*, of counsel), for contestant.

*James J. Golden*, special guardian.

Foley, S. Rosie Miller, the decedent, died in the year 1920, leaving a husband and certain collateral relatives her surviving. Max Miller, the husband, has filed objections to the account of the executor. These objections raise various questions as to the construction of the will. The material parts of the will are as follows: " *First*. After my lawful debts are paid, I give out of the money that will be realized from a sale of the premises No. 58–60 Bellevue Street, Hartford, Connecticut:— Three hundred ($300.00) Dollars to my niece, Yetta Simon, \* \* \*." Then follow similar bequests in small amounts to various relatives aggregating

$1,900. This paragraph of the will terminates as follows, " the balance, to my brother, Isaac Rudy, of Hartford, Connecticut."

The 2d paragraph of the will gives a specific legacy of the premises 120 Maple avenue, Hartford, Conn., to her husband, Max Miller. Both parcels of real estate were sold and conveyed by the testatrix after the execution of the will in her lifetime.

The first question to be determined is whether the legacies in paragraph 1 are demonstrative or specific. In *Crawford* v. *McCarthy*, 159 N. Y. 514, the Court of Appeals defined the characteristics of such legacies. It was there pointed out (p. 520) that the essentials of a demonstrative legacy are, " *first*, a bequest in the nature of a general legacy, and, *second*, it must point to a fund out of which the payment is to be made." Both of these elements are present in the will under consideration here. The testatrix made a gift of a fixed amount and directed that it be paid out of a particular fund. This fund having failed by reason of the conveyance of the property during the lifetime of the testatrix, resort may be had to the general assets of the estate to pay the demonstrative legacies in the amounts named. *Crawford* v. *McCarthy*, *supra*, 519. This rule cannot, however, be applied to the legacy of the " balance " to Isaac Rudy, testatrix's brother. The gift to him fails for indefiniteness, the fund having failed and the balance being unascertainable. This brother contends that the gift to him of the balance is a general residuary clause which carries to him all the remaining property left by the testatrix. These words, however, are clearly limited to the balance of the proceeds of the sale of the premises 58–60 Bellevue street. This clause is followed by the specific devise to the husband of other property. The general scheme of the will indicates an intention to give approximately half of her property to her collateral relatives, and the other half to her husband. The authorities cited by counsel for the brother are not applicable to the language of the present will. In each of these cases (*Lamb* v. *Lamb*, 131 N. Y. 227, 235; *Moffett* v. *Elmendorf*, 152 id. 475; *United States T. Co.* v. *Black*, 146 id. 1, and *Morton* v. *Woodbury*, 153 id. 243, 251) there was a residuary clause although somewhat ambiguous in meaning. In the instant case there is no provision for the disposition of the residuary estate. Technical rules of construction cannot be invoked where the language is plain, nor can they be used to supply omissions made by the testatrix. *Matter of Buechner*, 226 N. Y. 440, 443.

The specific devise to the husband of the premises 120 Maple avenue was adeemed by the prior conveyance of that property. Decedent Estate Law, § 40; *Matter of Sinnott*, 163 App. Div. 817, 819; *Hoffmann* v. *Steubing*, 49 Misc. Rep. 157. The testatrix must, therefore, be held to have died intestate as to the balance

of her estate after the payment of debts, administration expenses and the $2,200 in legacies referred to above.

In conclusion it is maintained by the husband that the testatrix died a resident of New Jersey, and not of New York, as alleged in the petition of this accounting. The decision of this question is immaterial here for in view of the small amount of the remaining assets the husband is entitled, under the law of either state, to the balance of the estate. The motion to dismiss the husband's objections is denied.

Submit decree construing the will accordingly at once.

Decreed accordingly.