In the Matter of the Estate of JOHN REILLY, Deceased.

Surrogate's Court, New York County, June, 1922.

*Wills — specific bequest of part of trust fund — right of remainderman to payment on death of life tenant.*

PROCEEDING to compel payment of a legacy.

*William B. Lyman,* for petitioner.

*Charles G. Coster,* for respondents.

FOLEY, S. This is an application for the payment of a legacy. The 6th paragraph of the will of testator creates a trust for the benefit of his son during his life " and upon his death, I give and bequeath Five Thousand ($5,000) Dollars of said principal sum to Kate Reilly, wife of my son John J. Reilly; the remainder of said principal sum to become a part of my residuary estate, to be distributed as hereinafter provided * * *." Kate Reilly, therefore, took a vested remainder in the fund held in trust for her husband to the extent of $5,000. *Connelly* v. *O'Brien,* 166 N. Y. 406; *Matter of Gee,* 201 App. Div. 540; *Livingston* v. *Greene,* 52 N. Y. 118; *Hershee* v. *Simpson,* 154 id. 496. The language of that part of the will is unambiguous and the bequest unqualified. Although the time of enjoyment of the remainder was postponed, the testator did not attach to the payment thereof any terms or conditions. This does not seem to be true of other bequests in the will. The executors and trustees claim that the remainderman, having predeceased the life beneficiary, the language of the 11th paragraph of the will precludes the granting of this application. This contention cannot be sustained. *March* v. *March,* 186 N. Y. 99. The latter paragraph reads as follows: " In case of the death of any of the beneficiaries to the trust funds herein provided, before the payment to them under the aforesaid terms and conditions, then I direct that such

trust fund shall become a part of my residuary estate  *  *  *."
In my opinion that part of the will of testator last quoted does not
apply to the bequest made to Kate Reilly under the 6th paragraph.
The language of the 11th paragraph is so ambiguous and indefinite
that it cannot be given the effect of cutting down the absolute
gift in the legacy to Kate Reilly.   *Tillman* v. *Ogren*, 227 N. Y.
495; *Adams* v. *Masey*, 184 id. 62; *Roseboom* v. *Roseboom*, 81 id. 356;
*Union Trust Co.* v. *Cole*, 198 App. Div. 538.

Submit a decree providing for the payment of the legacy to
the present administrator of the estate of Kate Reilly without
interest.

Decreed accordingly.