THEODORE C. LAWRENCE, Respondent, *v.* T. HENRY CALAM et al., Appellants.

**Will — construction — devise and bequest to son subject to payment of one-half of income to husband — provision that in case of death of son without issue property should be divided between his heirs at law and a designated church — in making such provision testatrix contemplated death of son without issue at any time either before or after her decease — son not vested with absolute title to property upon death of testatrix but takes a conditional estate therein subject to be defeated by his death without issue.**

1. It is one of the general principles of the construction of wills that where a will speaks of the death of a devisee without issue it means

such death occurring during the life of the testator, but it is a principle which should and does yield even to slight evidence found in terms of the will in order to hold that such death without issue during the life of the testator was not the latter's contemplation, but that he meant the death without issue occurring at any time either before or after his own decease.

2. In one clause of her will testatrix devised and bequeathed to her son and to his heirs forever all her property, real and personal, subject, however, to the retention by her husband, her executor, of one-half the rents and income of her estate during his lifetime "from my decease." She next provided that in case of the death of her son without leaving lawful issue him surviving, then and in that case from his death the entire rents and income of her property should go to her husband during his life. She further provided: "And at the death of my said husband * * * and the decease of my son * * *, without lawful issue him surviving, I give, devise and bequeath one-half of my property to the Presbyterian Church and the remaining one-half to my heirs at law." Reading the will of testatrix in its entirety and particularly the paragraphs herein recited, there is ample evidence in the language employed by testatrix, that, when referring to the death of the son without issue him surviving, she contemplated his death without issue at any time either before or after her decease, and hence upon the death of testatrix her son did not become vested with the property left by her absolutely, he takes a conditional estate in the property of which she died seized and possessed, subject to be defeated by his death without lawful issue him surviving, in which event one-half of her said property passes to the church designated by her and the remaining one-half to her heirs at law to be distributed in accordance with the law of descent and the Statute of Distribution of the state of New York. (*Brown* v. *Gardner*, 233 N. Y. 261, followed.)

*Lawrence* v. *Calam*, 202 App. Div. 538, reversed.

(Argued May 7, 1923; decided May 29, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered September 29, 1922, in favor of plaintiff upon the submission of a controversy under section 546 of the Civil Practice Act.

*Milton C. Palmer* for T. Henry Calam, appellant. A conditional limitation in behalf of the plaintiff was created by the will, whereby, in event of the death of plaintiff,

without issue him surviving, the heirs at law of decedent will become owners of one-half of the fee of all the real property and owners of one-half of the personal property, and the church the other half. (*Chapman* v. *Moulton*, 8 App. Div. 64; *Mead* v. *Maben*, 131 N. Y. 255; *Vanderzee* v. *Slingerland*, 103 N. Y. 47; *Avery* v. *Everett*, 110 N. Y. 317; *Matter of N. Y., L. & W. R. Co.*, 105 N. Y. 89; *Matter of Denton*, 137 N. Y. 428; *Matter of Baer*, 147 N. Y. 348; *Becker* v. *Becker*, 22 App. Div. 234; *Matter of Kramer*, 170 N. Y. 271; *Stokes* v. *Weston*, 142 N. Y. 433.)

*Joseph A. Greene* for First Presbyterian Church of Ossining, appellant. It is clear from the language of the will that it was the intention of the testatrix that if her son should die at any time, either before or after her death, without leaving issue, her property should be divided equally between the heirs of the testatrix and the defendant church. (*Brown* v. *Gardner*, 233 N. Y. 261; *Mead* v. *Maben*, 131 N. Y. 255; *Vanderzee* v. *Slingerland*, 103 N. Y. 47.)

*Joseph H. A. Symonds* and *Claude L. Coon* for respondent. The absolute gift of all the real and personal property made to plaintiff in that paragraph of the will designated " second," subject to the bequest to the husband of the testatrix of one-half the income thereof for life, is not taken away or cut down by any subsequent language found in the will, and is repugnant to a gift over. (*Roseboom* v. *Roseboom*, 81 N. Y. 356; *Washbon* v. *Cope*, 144 N. Y. 287; *Banzer* v. *Banzer*, 156 N. Y. 429; *Matter of Peters*, 69 App. Div. 465; *Williams* v. *Boul*, 101 App. Div. 593; *Benson* v. *Corbin*, 145 N. Y. 351; *Smith* v. *Dugan*, 145 App. Div. 877; *McClellan* v. *MacKenzie*, 126 Fed. Rep. 701; *Trask* v. *Sturges*, 170 N. Y. 482; *Tillman* v. *Ogren*, 182 App. Div. 672.) In the absence of controlling language denoting otherwise, the contingency as to plaintiff, mentioned in those paragraphs of the will designated " third " and " fourth," is his death

in the lifetime of the testatrix without leaving lawful issue him surviving. The gifts over in that paragraph of the will designated " fourth " are merely substitutionary and designed to, prevent a lapse. (*Livingston* v. *Greene*, 52 N. Y. 178; *Kelly* v. *Kelly*, 61 N. Y. 47; *Embury* v. *Sheldon*, 68 N. Y. 227; *Quackenbos* v. *Kingsland*, 102 N. Y. 128; *Vanderzee* v. *Slingerland*, 103 N. Y. 47; *Matter of N. Y., L. & W. Ry. Co.*, 105 N. Y. 89; *Stokes* v. *Weston*, 142 N. Y. 433; *Erwin* v. *Waterbury*, 186 App. Div. 569.) The right of the beneficiaries named in that paragraph of the will designated " fourth " to take anything under the will was contingent upon the death of plaintiff in the lifetime of the testatrix without lawful issue him surviving, and preceded or followed, as the case might be, by the death of his father. (*Washbon* v. *Cope*, 144 N. Y. 287.) The absolute estate which vested in plaintiff upon the death of the testatrix is not subject to be divested upon his death without leaving lawful issue him surviving, nor do either of the appellants take an estate by way of conditional limitation. (*Chapman* v. *Moulton*, 8 App. Div. 64; *Tyndall* v. *Fleming*, 123 App. Div. 837;. *Buell* v. *Southwick*, 70 N. Y. 581.)

HOGAN, J. Sarah Elizabeth Lawrence died September 1st, 1915, aged sixty-six years, leaving a last will and testament, executed August 2, 1892. The testatrix left real estate of the value of $27,410 and personal property of the value of $28,169.55, as appraised for the purpose of transfer tax.

The agreed statement of facts submitted to the Appellate Division embodies a copy of the will of testatrix and in addition a recitation of the circumstances surrounding testatrix at the time of the execution of the instrument to which a brief reference should be made.

August 2, 1892, when testatrix executed her will, she was forty-three years of age. Her husband was sixteen years her senior, and the plaintiff, the sole issue of their

marriage, was then in his sixteenth year. A reading of the will of testatrix justifies the inference that she had in mind as the beneficiaries of her bounty, *first*, her husband; *second*, her son and his issue him surviving; *third*, in the event of the death of the husband and the death of the son without lawful issue him surviving, the church of which she was a member, and her heirs at law.

Passing to a consideration of the provisions of the will, testatrix in the second clause of the instrument devised and bequeathed to her son and to his heirs forever all her property, real and personal, subject, however, to the retention by her husband, who was named as executor of the will, of one-half the rents and income of her estate during his lifetime " from. my decease." In paragraph third of the will testatrix provided that in case of the death of her son without leaving lawful issue him surviving, then and in that case from his death the entire rents and income of her property should go to her husband during his life. Paragraph four provides: " And at the decease of my said husband, Samuel Lawrence, and the decease of my son, Theodore Calam Lawrence, without lawful issue him surviving, I give, devise and bequeath one-half of my property to the Presbyterian Church, and the remaining one-half to my heirs at law."

The Appellate Division determined that under the will of testatrix all the real property owned by her at the time of her death vested in her son, Theodore, the plaintiff, in fee simple absolute and all of the personal property of which she died possessed likewise vested in the plaintiff.

On behalf of the respondent it is contended that under paragraphs third and fourth of the will, the death of the son referred to therein was his death during the lifetime of the testatrix, and plaintiff having survived the testatrix, upon her death he became entitled absolutely to the entire estate. In effect the Appellate Division sustained that contention.

We are spared the necessity of a review of numerous

1923.] Opinion, per HOGAN, J. [236 N. Y. 168]

principles of law applicable to the construction of wills called to our attention in the briefs submitted upon the argument of the appeal in view of our recent decision (*Brown* v. *Gardner*, 233 N. Y. 261) which we regard particularly applicable to the present case. The syllabus of that case states the principle set out in the opinion of the chief judge (page 265) as follows:

" It is one of the general principles of the construction of wills that where a will speaks of the death of a devisee without issue it means such death occurring during the life of the testator, but it is a principle which should and does yield even to slight evidence found in terms of the will in order to hold that such death without issue during the life of the testator was not the latter's contemplation, but that he meant the death without issue occurring at any time either before or after his own decease."

Reading the will of the testatrix in its entirety, and particularly the second, third and fourth paragraphs of the same, we find ample evidence in the language employed by the testatrix, when referring to the death of her son without issue him surviving, she contemplated his death without issue occurring at any time either before or after her decease.

In the second clause of the will testatrix gave her estate to her son and his heirs subject to a retention by her husband of one-half of the income by her husband from her decease. In the third clause she provided, in case my son should die without leaving lawful issue him surviving, then and in that case from his death she gave to her husband all of the income during his life. If, therefore, the son were to die after the death of testatrix and prior to the death of the husband, the husband, if the contention of plaintiff is to prevail, would only be entitled to one-half of the income notwithstanding that the testatrix provided that upon the death of the son without issue the husband was to take the entire income and the expressed intention of testatrix defeated.

The gift and devise by testatrix to her son in the second clause of the will was conditional, *first*, to the interest of the husband in the income from the decease of testatrix; *second*, to a further right of the husband to the entire income from the estate during life upon his surviving testatrix and the son dying without leaving lawful issue; *third*, upon the son surviving the husband and testatrix and leaving issue him surviving upon his death.

We are unable to approve the judgment of the Appellate Division which determines that the plaintiff under the will of testatrix upon her death became vested with the real estate of testatrix and of the personal property left by her absolutely. Such construction is in conflict with the language employed by testatrix and her manifest intention apparent therefrom that the death of her son without lawful issue him surviving referred to such death occurring at any time either before or after the death of testatrix.

The judgment of the Appellate Division should be reversed and judgment ordered: That under the will of Sarah E. Lawrence, the plaintiff, Theodore Calam Lawrence, takes a conditional estate in the real and personal property of which Sarah E. Lawrence died seized and possessed, subject to be defeated by his death without lawful issue him surviving, in which event one-half of the real and personal property of which Sarah E. Lawrence died seized and possessed passes to the Presbyterian Church of Ossining, and the remaining one-half thereof to the heirs at law of Sarah E. Lawrence, to be distributed amongst them in accordance with the law of descent and Statute of Distribution of the state of New York, with costs in this court to the several parties to the submitted controversy, payable out of the estate.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.