Surrogate's Court, Westchester County, December, 1924.    [Vol. 124

adjournments were taken: To July twenty-third, to August second, to August eighth, to August twenty-seventh, to September third, to September eighth.

During this time the defendants had counsel and many if not all of the adjournments were at their request. The refusal of the magistrate to allow another adjournment is not error; indeed it was his duty to insist on having this case tried in view of the length of time it was pending.

The cases cited by the district attorney (*People* v. *Curtiss*, 118 App. Div. 259–262; *People* v. *Kerber*, 172 id. 755–757; *People* v. *Hilderbrandt*, 16 Misc. 195–197) hold that the granting of an adjournment is discretionery with the magistrate but at the same time he must see that no injustice is done to the defendant and that a fair trial be assured him.

After the trial began at no time were the defendants properly informed as to their rights of cross-examination and summoning of witnesses and the long examination of the defendant Schindler indulged in by the district attorney was to my mind reversible error.

No exceptions having been taken, the judgment of conviction should be reversed on the facts and a new trial granted, which new trial should be held as speedily as possible.

---

In the Matter of the Judicial Settlement of the Account of the Executors and Trustees under the Last Will and Testament of DANIEL O'DELL, Deceased, and also for a Judicial Construction of His Will.

Surrogate's Court, Westchester County, December 11, 1924.

**Wills — construction — testator, if his brother should survive him, gave and bequeathed sum in trust for life of his brother — subject to foregoing gift he gave and bequeathed said sum to others — brother predeceased testator — legacy to others vested at death of testator — gift to brother did not create conditional limitation — bequest to employee if he should be in service at time of testator's death with gift over — employee not in service at time of testator's death — gift over valid — testator directed legacy be invested in certain stock — testator during lifetime gave legatee said stock — ademption of legacy effected.**

Where a testator provided in his will that " If my brother * * * shall survive me * * * I give and bequeath " to the executors in trust $12,500 for the benefit of the brother during his life, and further provided that " Subject only to the foregoing gift " for the use of the brother during his lifetime he gave and bequeathed said sum, naming the legatees, and the brother predeceased the testator, the words " If my brother * * * shall survive me " did not create a condition precedent, and the gift over took effect regardless of the happening of

such contingency and vested in the named legatees as of the date of the death of the testator.

A gift having been made by the testator to an employee should he be in the service of the testator at the time of the testator's death, with gift over to named surviving legatees, and it appearing that said employee was not in the service of the testator at the time of the testator's death, the gift over vested in the surviving legatees.

An ademption of a legacy was effected, since the testator directed the executors to invest a legacy in the common stock of a certain corporation, and, during his lifetime, gave said stock to the legatee.

PROCEEDING for judicial settlement of account of executors and trustees and for judicial construction of will.

*Cravath, Henderson & DeGersdorff,* for the executors and trustees

*John Collins,* for the residuary legatee.

*Jackson, Miller, Nash & Brophy,* for the administratrix c. t. a. of William S. Halliburton, one of the residuary legatees.

*F. W. Clifford,* for Anna H. Marvin and Elizabeth M. Neff, legatees under the 6th clause of the will.

SLATER, S.:

The 6th clause of the will is as follows:

" *Sixth.* If my brother, Walter O'Dell of Hudson, Michigan, shall survive me,

" (a) I give and bequeath to my executors hereinafter named the sum of twelve thousand five hundred dollars ($12,500) in trust to invest and from time to time reinvest the same, and collect the income thereof, and to apply the net income thereof to the use of my said brother, Walter O'Dell, during his life, as far as practicable in equal weekly instalments; and upon further trust on his death to pay out of the principal of said trust fund the funeral expenses of my said brother.

" (b) Subject only to the foregoing gift thereof for the use of my said brother during his lifetime and to the payment of his funeral expenses, I give and bequeath said sum of twelve thousand five hundred dollars ($12,500) to and between said Anna H. Marvin and Elizabeth M. Neff in equal shares, or, in case of the death of either in my lifetime, to the other of them surviving me."

The question at issue regarding this paragraph is whether the words " If my brother, Walter O'Dell, shall survive me " created a condition precedent upon the failure of the happening of which the gift in paragraph 6 lapsed and fell into the residuary estate, or whether the gift over took effect regardless of the happening of such contingency.

It appears to the court that the counsel, by their briefs, have

Surrogate's Court, Westchester County, December, 1924.    [Vol. 124

made much more of the question than there really is involved. Walter O'Dell, the brother, predeceased the testator. Consequently, the question. The language of the paragraph is unambiguous. Should Walter O'Dell survive, a trust is created in $12,500 for his life, and subject to this gift, the said sum of $12,500 is given to Anna H. Marvin and Elizabeth M. Neff in equal shares. In my opinion, the words of gift to Walter O'Dell do not create a conditional limitation affecting the gift over. The testator used the words " I give and bequeath," which are indicative of a present gift. The payment of the sum, however, is postponed until the termination of the life estate in said fund. There is no postponement of the vesting of this legacy. It does not vest in possession until the termination of the life of Walter O'Dell. The legacy should be deemed vested as of the date of the death of the testator. (*Matter of Lamb*, 182 App. Div. 180; affd., 224 N. Y. 577; *Matter of McManus*, N. Y. L. J. April 4, 1922; *Matter of McAdam*, Id. April 29, 1922; *Matter of Reilly*, 118 Misc. 879; *Connelly* v. *O'Brien*, 166 N. Y. 406; *Matter of Gee*, 201 App. Div. 540; *Matter of Macdona*, N. Y. L. J. April 12, 1924.)

The word " subject " used in the following phrase: " Subject only to the foregoing gift thereof for the use of my said brother during his lifetime " simply means that the ultimate gift of the fund is charged with the primary life estate. Lexicographers define the word " subject " in this connection as meaning " to make liable." It is the plain and evident intention of the testator to make a simple gift to his brother of a certain fund for his life, should he survive the testator, and then over in possession to the ultimate owners of the fund as mentioned in the paragraph. Adverbs of time, such as " upon," " then," " from and after," etc., are not used in the instant case, and if they had been, they would be construed to relate merely to the time of enjoyment of the estate and not to the time of its vesting in interest. (*Staples* v. *Mead*, 152 App. Div. 745, and cases cited; *Matter of Fordham*, 235 N. Y. 384, 387.) The ultimate gift is not substitutional; it is primary. It is direct, with the enjoyment postponed if the brother survives. No contingency, and no condition is created or stated in the gift to Walter O'Dell that affects the ultimate gift of the fund.

The word " if " is a word of condition, or conditional limitation. But, in the instant case, it only affects, applies to and qualifies the first bequest which is made to the brother, Walter O'Dell. The gift to him is conditioned upon his surviving the testator. Because the brother did not survive the testator, the clause becomes inoperative. There is a clear intention to vest the legacy in said two legatees and they are vested in right, and by the facts, in possession.

Transpose the language of the paragraph, if you will.   We have an absolute bequest made to the two legatees, subject to a life estate therein.   This was so in *Lawrence* v. *Calam* (236 N. Y. 168, 172). No person would question the legality of such a worded clause. The testator must be charged with the fine discrimination of the draftsman in the use of words as he created the several paragraphs carrying the gifts.   The context of the will is of little assistance, except to disclose that the testator knew what he wanted to do and evidenced it by a very clear intention in the use of his varying words.

In article 13 of the will a gift of $500 is made to Luke Reilly, should he be in the employ of the testator at the time of testator's death, with the gift over in the following words: " Subject only to the foregoing provisions of Subdivision A of this Article 136, I give and bequeath said sum of $500 in equal shares to Florence Davis Wessells, Olive Davis Roberts and Grace G. Davis, or to such of them me surviving as shall survive said Luke Reilly."

It appears that Luke Reilly was not in the employ of the decedent at the time of the decedent's death.   Florence Davis Wessells predeceased the testator.   The court will construe this paragraph as vesting said gift in Olive Davis Roberts and Grace G. Davis.

The 11th paragraph of the will states that inasmuch as the testator has given wedding gifts of fifty shares of the common stock of the Southern Pacific Company to said Florence Davis Wessells and Olive Davis Roberts, and " as I desire to provide equally for the three daughters of said Helen M. Davis, deceased, I give and bequeath to said Grace G. Davis if she shall survive me the sum of $5,000," and directs the executors, as far as possible, to invest the said legacy in the common stock of the Southern Pacific Company, and to pay said legacy in said securities in lieu of cash.   In the event the legacy shall not be sufficient in amount for the purchase of fifty shares of said stock, he gives an additional amount to enable the executors to make such purchase.

It appears from the account that the testator gave in his lifetime to Grace G. Davis, now Grace Davis Roberts, fifty shares of the common stock of said company.   It is the opinion of the court that the ademption of this legacy has been effected.   (40 Cyc. 1914; *Burnham* v. *Comfort*, 108 N. Y. 535; *Matter of Bradley*, 119 Misc. 2; *Hine* v. *Hine*, 39 Barb. 507; 1 Roper Leg. 365; *Matter of Gasten*, 16 Misc. 125.)

Submit decree in accordance with this opinion.