In the Matter of the Estate of Cynthia C. Campbell, Deceased.

Surrogate's Court, Monroe County, April 26, 1928.

**Vendor and purchaser — executors and administrators — under Surrogate's Court Act, § 227, application by heirs of vendee in land contract for order authorizing giving of deed, must be made against or through representative of deceased vendor and not against assignees of vendor.**

Under section 227 of the Surrogate's Court Act, providing that " where a decedent dies seized of lands after he has made a contract for the conveyance thereof, *his* executor or administrator may make a deed * * * (which) upon its confirmation by such decree, shall be effectual to convey all the right, title and interest in the said lands which the decedent had at his death," an application by heirs

of the vendee in the land contract for an order authorizing the giving of the deed by the administrator with the will annexed of a devisor, to whom the vendor's devisees quitc'aimed all their interest in the property, said administrator being also the person to whose portion the contract was allotted by the decree judicially settling the estate of the same devisor, should be denied, for said section cannot be construed so as to include an assignee of the vendor or his executor or administrator.

The form of procedure contemplated by the statute seems to require action to be taken against or through the representative of the deceased vendor, and to bring in as parties, by petition, citation or waiver, whoever may be interested in or under the estate of both the vendor and the vendee.

APPLICATION by heirs of vendee in a land contract for an order authorizing the giving of a deed by the administrator with the will annexed of a devisor to whom the vendor's devisees quitclaimed all their interest in the property.

—————— ————, for

—————————, for

FEELY, S. The heirs of a vendee in an unacknowledged land contract, having completed performance of the same on their part, now apply, under section 227 of the Surrogate's Court Act, for an order authorizing the giving of a deed by the administrator with will annexed, not of the vendor, but of a devisor to whom the vendor's devisees quitclaimed all their interest in the vendor's real estate, said administrator being also the person to whose portion this contract was allotted by the decree judicially settling the estate of the same devisor; and the question arises whether such assignees of the vendor come within the meaning of said section, which declares that " Where a decedent dies seized of lands after he has made a contract for the conveyance thereof, *his* executor or administrator may make a deed  *  *  *  (which) upon its confirmation by such decree, shall be effectual to convey all the right, title and interest in the said lands which the decedent had at his death." This statute is silent as to the representatives of the deceased assignee of the vendor. Can it be construed so as to include such assignee or his executor or administrator?

It appears from the petition that, having made the contract in 1887 to sell certain of his land known as lot 55 on the east side of Barker street, the vendor died in 1906 devising generally his real estate to his two sons by his last will dated and executed April 18, 1896. It was not until 1908 that the first statute was enacted authorizing the vendor's legal representative to complete the contract by giving a deed. (Code Civ. Proc. § 2801-a.) This new remedy was designed to save the delay and expense of an action

in equity, whereby, undoubtedly, the legal title could also be perfected in the vendee, his heirs or assigns.

Had the vendor's executor attempted to make use of the then new procedure, the Surrogate's Court would most likely have given the new section a retrospective effect; but the purchase price was not paid in full until a much later date.

The vendor's two devisees in 1906 quitclaimed their interest in the vendor's real estate to his widow, their mother, by a deed conveying this lot, expressly subject to this land contract. She died in 1911 devising to her said sons her real estate, which is alleged to have included said lot. Upon judicial settlement of her estate in 1913, the decree specifically allotted this land contract to the share of the son, who having received from the heirs of the vendee, who died intestate in 1927, payment in full of the purchase price, made the deed which this court is now asked to confirm.

The vendor upon the execution of the contract became the owner of the purchase money and a trustee of the legal title for the vendee; and the latter thereby became the equitable owner of the land, whose heirs would take his interest if he died intestate. (*Persico* v. *Guernsey*, 129 Misc. 190.) The contract in the hands of the vendor and his estate was personal property and would pass to his distributees in intestacy. (Id.) The allegations of the various transfers of his real estate are assumed to have been assignments of this asset. The land contract, however, rendered the later devise ineffectual, as such (*Matter of Miller*, 118 Misc. 877), both as to the land and as to the purchase price. The vendor remains, apparently, the owner of record of the articled land. His heirs and devisees, as such, notwithstanding their apparent interest, could not complete the record title, without first having perfected title in themselves, either through foreclosure of the land contract, or by a deed of conveyance from the vendee or his assigns. The vendor's distributees or legatees being the owners of the equitable lien against the vendee's title, could extinguish the lien by a satisfaction piece, but something would yet remain necessary to perfect the record title, especially where their right to the lien depended on a chain of instruments that was either unacknowledged or unrecorded.

So the policy of the statute seems to be to pick up the title at and from the last owner of the land in question, and to require the perfection of the title out of the vendor to be by deed, rather than by satisfaction piece; and by his representative, rather than by his assignees, who are not necessarily his devisees or heirs, but are those who take his personal property as legatees or distributees. The section above quoted does not expressly authorize the assignees

of the vendor to give such deed; and the power of this court to confirm is wholly statutory. It is true the section permits the petition to be filed by "The executor or administrator or the vendee, his heirs or assigns;" but I doubt if this last quoted phrase can be construed to extend the previous statement that the deed is to be given for the vendor by "his executor or administrator." The form of procedure contemplated seems to require action to be taken, under this section, against or through the representative of the deceased vendor, and to bring in as parties, by petition, citation or waiver, whoever may be interested in or under the estate of both vendor and vendee; and in that way not only connect up the record title, but also bar or foreclose any such liens. A substantial deviation from this statutory procedure, in a court that has not the original nor inherent jurisdiction of the matter, will cast a doubt upon its effectiveness to "convey all the right, title and interest in the said lands which the decedent had at his death." (Surrogate's Court Act, § 227.)

The application is accordingly denied, but without prejudice to the right of petitioners, or others, to apply anew in the estate of the original vendor in this court.