In the Matter of the Estate of MARY DELPHINE SLATER, Deceased.

Surrogate's Court, Queens County, May 26, 1932.

*Street & Adikes*, for the administrator.

*Edmund C. Rowan*, special guardian.

HETHERINGTON, S. In this accounting proceeding it becomes necessary to determine the nature of the legacies given by the following paragraphs of the decedent's will:

"*First*. I give and bequeath to Elizabeth Christian Culver of Painted Post, New York, the sum of two hundred ($200) dollars from the amount I have on deposit in the Jamaica Savings Bank at Jamaica, New York.

"*Second*. I give and bequeath to Muriel Keck of 66 Perry Avenue, Corning, New York, the sum of two hundred ($200) dollars from the amount I have on deposit in the Jamaica Savings Bank at Jamaica, New York.

"*Third*. I give and bequeath to Esther Louise Slater of 66 Perry Avenue, Corning, New York, and to Mary D. Culver of Painted

Post, New York, the balance of the sum of money on deposit in the Jamaica Savings Bank at Jamaica, New York, share and share alike, after the bequests in paragraphs I and II have been paid."

In *Crawford* v. *McCarthy* (159 N. Y. 514) it was pointed out (at p. 520) that the essentials of a demonstrative legacy are "*first,* a bequest in the nature of a general legacy, and, *second,* it must point to a fund out of which the payment is to be made." Both of these elements are present in so far as the legacies given by the first and second paragraphs are concerned. In each instance the testatrix made a gift of a fixed amount and directed that it be paid out of a particular fund. This fund having failed by reason of the testatrix having withdrawn the amount on deposit, resort may be had to the general assets of the estate to pay the demonstrative legacies in the amounts named. This rule cannot, however, be applied to the legacy of the " balance " to the legatees mentioned in the third paragraph of the will. The gift to them fails for indefiniteness, the fund having failed and the balance being unascertainable. (*Matter of Miller,* 118 Misc. 877.)

The administrator c. t. a. is authorized to expend the sum of $250 for a headstone for the grave of the decedent.

Submit decree construing the will, settling the account and directing distribution accordingly.