Decree of the Surrogate’s Court, Westchester County, refusing the construction of a will, settling the account of the administrator, c.t.a., etc., modified on the law by removing the word “denied” from the first and second decretal paragraphs and inserting in each of those paragraphs the word “ granted ” in place thereof; by striking out all the decretal paragraphs following the fourth decretal paragraph, except the paragraph providing for the payment of fees, allowance and expenses of the special guardian and attorney for the special guardian, and by inserting a paragraph providing that the account as filed by the administrator is judicially approved and settled. As thus modified the decree, insofar as appealed from, is unanimously affirmed, with costs to all parties filing briefs, payable out of the estate, and the matter is remitted to the Surrogate’s Court for the entry of a decree in accordance with this memorandum. The findings of fact are affirmed. The decree is correct insofar as it may be a holding that the construction of the will made'in the case of Lawrence v. Calam (236 N. Y. 168) is binding in this proceeding. This court is duty bound to follow that construction. Upon the defeat of the conditional1 holding of the estate it passes one half to appellant Lawrence, as heir at law of the testatrix, and one half to the named church. (Lawrence v. Calam, supra, p. 174.) The collaterals are not “ heirs at law ”; they have no interest in the estate, and their objections should not have been heard. The respondent church is in default in pleading under section 49 of the Surrogate’s Court Act, and has not been relieved of its default. There is thus no competent objeetant to the account, and it should have been approved and settled as filed. Appeals from orders dismissed, without costs. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Nolan, JJ.