Lawrence E. Kahn, S.
The purpose of this proceeding is to construe paragraph Second of the will of Frederick Trombe, to determine what interest the petitioner Dorothy Trombe, the surviving spouse, receives in real property located at 3 Arcadia Avenue, Albany, New York.
Decedent executed his will on October 2, 1956. At that time decedent owned a fee interest in real property located at 3 Arcadia Avenue in Albany, New York. In paragraph Second of his will, he devised this property as follows: ”1 give, devise and bequeath to my mother, Edna Trombe, for and during the remainder of her natural life, the use and occupancy of the lower flat in premises owned by me at No. 3 Arcadia Avenue, in the City of Albany, she to have the full use and occupancy of said flat at no cost to her, and upon the death of my said mother, I give, devise and bequeath said premises to my wife, Dorothy B. Trombe, my brother, William Trombe and my brother George Trombe each to have an undivided one-third interest in said premises.”
On April 13, 1960 decedent executed a deed to the premises to himself and his two brothers as tenants in common. Therefore at his death, decedent owned a one-third interest in said *1000 property. Since Edna Trombe, mother of decedent died on December 5, 1962, her life interest was extinguished.
Because of the intervening lifetime transfer of a one-third interest to each brother, the question now before the court is what does petitioner, Dorothy Trombe, receive under paragraph Second? Does the decedent’s remaining one-third interest pass entirely to his widow, or does she receive one third of this one-third interest (or a one-ninth interest), with each brother receiving an additional one-ninth share?
Under the former construction, each devisee would have a one-third interest in the entire property. Under the latter construction, Dorothy Trombe would have a one-ninth interest and William and George Trombe would each have a four-ninths interest.
The applicable section to this question is EPTL 3-4.3. This section states: "A conveyance, settlement or other act of a testator by which an estate in his property, previously disposed of by will, is altered but not wholly divested does not revoke such disposition, but the estate in the property that remains in the testator passes to the beneficiaries pursuant to the disposition. However, any such conveyance, settlement or other act of the testator which is wholly inconsistent with such previous testamentary disposition revokes it.”
There have been several cases interpreting this section. Most involve transfers of the devised property to persons other than the devisees named in the will (Matter of Miller, 118 Misc 877; Matter of Sinnott, 82 Misc 219, affd 214 NY 667). Other cases involve involuntary disposition of the property such as through condemnation. The case at bar, however, involves a voluntary lifetime transfer of the exact property devised in the will to the two same devisees. While there is no case dealing directly with this specific situation, there are similar cases which are analogous.
In Matter of O’Dell (124 Misc 76), it was held that an ademption results where a testator gives to the legatee named in his will the specific legacy bequeathed him during his lifetime.
In the O’Dell case the testator directed the executors to invest a legacy in the common stock of a certain corporation, and during his lifetime, he gave the said stock to the legatee.
In Matter of Beinhardi (151 Misc 480), it was held that no ademption would result where a testator, during his lifetime, *1001 made a gift to a legatee without saying that it was in lieu of the legacy under the will in absence of proof that decedent stood in loco parentis to legatee. In the Beinhardi case, the court denied the contention that a legacy of personal and household effects and $10,000 had been adeemed by a joint interest in certain mortgages which became fully effective only at the death of the decedent. The court (pp 483-484) stated that: "In other words, it is necessary to compare what the decedent gave in her lifetime, if anything, with that given by her will. The taking of the mortgages in both names with the survivorship clause created a joint estate. Ownership of the whole did not come into being until the death of one of the joint tenants. Can it be said that there was any valid and present gift of the mortgage? In all the cases called to my attention, where an implied ademption was recognized, there was * * * delivery, control of and dominion over the thing given. Here the decedent retained control and dominion over the mortgage, and in addition collected the interest thereon. Whatever she gave only became absolute and effective upon her death. The right to destroy the joint tenancy or the right to take the whole upon death cannot be considered a portion or a gift of the same kind and nature as the testamentary provision * * * She made no payment in her lifetime of that which she provided in her will should be given to the legatee at her death.”
The ultimate holding in the Beinhardi case is not applicable to the case at bar where the specific devise was given by the testator in his lifetime. In the Beinhardi case, the lifetime transfer was of a wholly different character than the legacy. The Beinhardi case did not involve a specific legacy as in the present case.
Moreover, in this case the one-third interests given during testator’s lifetime were absolute transfers of the entire devised interest outright. They were also in praesenti, i.e., given outright at the time they were given.
Finally, in reaching its determination, the court must be guided above all by the intent of the testator. Whenever an ambiguity appears, the intent of the testator governs as detected from the entire will. In searching for this often elusive goal, the court must reach a logical result which is consistent with the testator’s intent. In this case, the language of the will clearly gave an "undivided one-third interest in said premises” to his wife. To now reach a conclusion that his *1002 widow is to receive one ninth would be a strained interpretation with an illogical result, one clearly at odds with testator’s intent. His lifetime transfer of the one-third interest to each brother was clearly intended to give them their one-third share of the premises as devised to them in his will. The conveyance of the testator in effect wholly divested their interest in the said property and acted as a revocation of their share of the disposition.
Accordingly, this court finds that the two lifetime transfers of one-third interests to the brothers impliedly adeemed the specific devise given them in testator’s will. As a result, the "undivided one-third interest” remaining in testator passes entirely to petitioner, his surviving spouse, since her interest was not otherwise conveyed or adeemed.
Submit decree.