JOSEPH BENJAMIN DIMMICK, as Trustee, etc., Respondent, *v.* C. GODFREY PATTERSON, Impleaded, etc., Appellant.

B. died, leaving a widow and two children, a son and a daughter, him surviving. By his will he directed his residuary estate to be divided into three parts. He gave the rents, issues and profits of one part to his wife, of one to his daughter during life, and of the other part to the son until he should reach the age of thirty years, when one-half of said part was given to him absolutely, the other half when he attained the age of forty. In case of the death of the son before his third became vested in him, either in part or wholly, the portion that had not vested was given to his children, if any survived him. The will directed that at the death of the widow the part appropriated to the use of the widow should be divided and one-half thereof added to the daughter's part, the other half to that of the son, each "to be governed and affected in every respect" by the provisions of the will touching the parts of the children respectively "as fully and particularly as if such additions had originally constituted portions of said parts." The son died after reaching the age of forty, leaving children. Thereafter the widow died. In an action for the construction of the will, *held*, it was the clear intention of the testator that the son should become vested with one-half of all he was to take under the will at the age of thirty, and with the other half at forty, subject, however, to the life estate of the widow in the one-third set apart for her, and so that an assignment by the son of his interest carried with it one-half of that third.

*Dimmick* v. *Putterson* (66 Hun, 492), reversed.

(Submitted April 18, 1894; decided May 1, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 7, 1892, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought for a construction of the will of Joseph Benjamin, deceased.

The facts and portions of the will, so far as material, are stated in the opinion.

*Henry Major* for appellant. In the construction of wills the cardinal rule is that the intention of the testator, as

expressed in the instrument, shall govern. (*Goebel* v. *Wolf*, 113 N. Y. 405 ; *Taggart* v. *Murray*, 53 id. 236 ; *In re Tienken*, 131 id. 391; *Bowditch* v. *Ayrault*, 138 id. 222.) It was the testator's intention in this case that one-half of the principal of the widow's share should, subject to the provision for her support, vest in his son Joseph R., like the gift to him in the third clause, one-half upon his arriving at thirty, and the other half upon his arriving at forty years of age. It was likewise his intention that such vesting should take place without regard to whether the son survived his mother or not. (*Goebel* v. *Wolf*, 113 N. Y. 405 ; *In re Tienken*, 131 id. 391.) The decision of the learned General Term that Joseph R. Benjamin, the son, did not acquire a vested interest as claimed, because he died before his mother, leads to intestacy on the part of the testator as to the one-half of the widow's share under consideration. (*Manice* v. *Manice*, 43 N. Y. 368; *Findlay* v. *Bent*, 95 id. 365 ; *Vernon* v. *Vernon*, 53 id. 351– 361 ; *Schult* v. *Moll*, 132 id. 127 ; *Byrnes* v. *Stillwell*, 103 id. 453–460.)

*James R. Ely* for respondent. It was clearly testator's intention to tie up his estate for as long a period as the law would allow and to prevent the wasting of the same by the sale of an expectancy therein for an insufficient consideration before the sums therein bequeathed were payable. (*Mead* v. *Maben*, 131 N. Y. 255 ; *Bowditch* v. *Ayrault*, 138 id. 222.) There being no direct words of gift, but merely a direction to divide and add, the fund held in a trust for Martha M. Benjamin, testator's widow, did not vest until her death. (*Warner* v. *Durant*, 76 N. Y. 136 ; *Smith* v. *Edwards*, 88 id. 92 ; *Delancy* v. *McCormack*, Id. 174 ; *Shipman* v. *Rollins*, 98 id. 311 ; *Goebel* v. *Wolf*, 113 id. 405 ; *Tillman* v. *Sullivan*, 63 How. Pr. 355 ; *Lougheed* v. *D. B. Church*, 129 N. Y. 211 ; *Mead* v. *Maben*, 131 id. 255 ; *Bowditch* v. *Ayrault*, 138 id. 222.) The same result follows if this fund is considered as real estate. In that case the interests of all persons who were to share in the remainder were purely contingent. (1 R. S.

729, § 58; *Townshend* v. *Frommer*, 125 N. Y. 446; *Manice* v. *Manice*, 43 id. 289; *U. S. T. Co.* v. *Roche*, 116 id. 120.)

*Joseph O. Brown* for respondent. The fund in question did not vest until the death of the widow, Martha M. Benjamin, when it vested in the children of Joseph Benjamin, the younger, the son of testator. (*Everett* v. *Everett*, 29 N. Y. 67; *Smith* v. *Edwards*, 88 id. 92; *Sherman* v. *Rollins*, 98 id. 311; *Teed* v. *Morton*, 60 id. 502; *Vincent* v. *Newhouse*, 83 id. 505; *Howland* v. *Howland*, 9 N. Y. Supp. 233; *Tillman* v. *Sullivan*, 63 How. Pr. 355.)

EARL, J. Joseph Benjamin died on the 25th day of May, 1872, leaving a widow and two children, Mrs. Dimmick and Joseph R. Benjamin, and leaving a will in which, after some trifling bequests, he disposed of the residue of his estate in the third and fourth clauses thereof as follows :

" *Third.* All the rest and residue of my estate, real and personal, and wheresoever situate, I direct shall be divided by my said executors into three equal parts as nearly as can be ; and to my said wife, during her natural life, I give, bequeath and devise the rents, issues, profits and income of one of the said parts ; and to my said daughter, during her natural life, I give, bequeath and devise the rents, issues, profits and income of one of the said parts ; and at the death of my said daughter I give, bequeath and devise the said last-mentioned part to her heirs and assigns forever ; and to my said son, until he shall attain the age of thirty years, I give, bequeath and devise the rents, issues, profits and income of the remaining one of said parts ; and upon his attaining said age of thirty years, I give, bequeath and devise unto him, and to his heirs and assigns forever, the equal one-half of said part, and the rents, issues, profits and income of the other one-half of said part, unto my said son until he shall attain the age of forty years ; and upon his attaining said last-mentioned age, I give, bequeath and devise the residue of said part unto him and to his heirs and assigns forever. In case,

however, of his death before the said part shall vest by the foregoing provisions in him, either in part or wholly, then I give, bequeath and devise said part or such portion thereof as may not then have vested in my said son, as aforesaid, unto his children, if he shall leave any him surviving, and to their heirs and assigns forever; but if he shall not leave any children him surviving, and shall leave a widow him surviving, then I give, bequeath and devise unto such widow and to her heirs and assigns forever, the equal one-third of said part; and the rents, issues, profits and income of the residue thereof, not as aforesaid vested in my said son, I give, bequeath and devise unto my said daughter, during her natural life, and at her death the said residue itself unto the heirs of my said daughter and to their heirs and assigns forever; and if he die without leaving such widow or a child or children him surviving, then I give, bequeath and devise the rents, issues, profits and income of so much of said part as shall not as aforesaid have vested in him unto my said daughter during her natural life, and at her death said part or portion thereof itself unto her heirs and to their heirs and assigns forever.

"*Fourth.* At the death of my said wife, I direct that the said part appropriated, as aforesaid, to her use, shall be equally divided, and the one-half thereof be added to the said part appropriated, as aforesaid, to the use of my said daughter, and the other half thereof be added to the said part appropriated, as aforesaid, to the use of my said son, and each be governed and affected in every respect by the provisions of this my will, touching the said last two mentioned parts respectively, as fully and particularly as if such additions had originally constituted portions of said parts."

The widow died April 21st, 1891. Joseph R. Benjamin died in October, 1885, leaving three children, who are parties to this action. At the time of his death he was indebted to the defendant, C. Godfrey Patterson, in the sum of $1,873.85, with interest thereon from July 21st, 1884, for which at that date he gave his promissory note, and at the same time, for the purpose of securing the payment of the note, he executed

a written assignment to Patterson, under his hand and seal, by which he transferred to him so much of the estate belonging to and vesting in him under and by virtue of the provisions of his father's will, as should be sufficient and necessary to pay the principal of the note, together with the interest thereon, up to the time of the payment.

This is an action for the construction of the will, and there is now involved only the right or estate which Joseph R. Benjamin took under the fourth clause of the will. The courts below have held that as he died before his mother he took no vested interest whatever in the one-third which had been set apart for her, and that the one-half of that share upon her death passed to his children, and that Patterson took no interest therein by virtue of the assignment executed to him in 1884; and Patterson is now the only appellant from the judgment below.

The reasoning of the court below is, briefly, that there was no direct gift to Joseph R. Benjamin in the fourth clause, and that, therefore, the rule was to be applied that where the only gift is found in the direction to divide at a future time, the gift is future and contingent, and the estate does not vest until the time for division arrives.

Joseph R. Benjamin was upwards of forty years old at the time of his death, and at the time of the execution of the assignment by him to Patterson. Therefore, he had clearly become vested with the one-third of his father's estate, given to him in the third clause of the will. It was there expressly provided that one-half of that third should vest in him at the age of thirty, and the other half at the age of forty, and those shares could not vest earlier. As to them, his interests were contingent until the respective periods were reached, when they became absolutely vested in him. In the fourth clause there is not simply a direction to divide, but it is expressly provided that the share there given to each of his children should be governed and affected in every respect by the provisions contained in the fourth clause "as fully and particularly as if such additions had originally constituted portions

of said part." The provisions of the third clause, so far as they can be made applicable, must be read as if they were incorporated in the fourth clause, and hence there is a gift of one-half of Joseph R. Benjamin's interest under the fourth clause to vest in him on his arrival at thirty, and the other half to vest in him on his arrival at the age of forty, both shares, however, being subject to his mother's life estate. We think, reading these two clauses together, it was the clear intention of the testator that the son should become vested with the one-half of all he was to take under the will at the age of thirty, and with the other half at the age of forty, subject, however, to the life estate of his mother in the one-third.

It, therefore, follows that the assignment of Joseph R. Benjamin to Patterson became operative and effectual, as now claimed by him.

The judgment must, therefore, be reversed, so far as appealed from, and the case remitted to the Special Term for judgment in accordance with this opinion, the costs of the appellant in all the courts to be paid out of the fund in controversy.

All concur.

Judgment accordingly.