Testator bequeathed $2,000 to his executor in trust to pay the interest to his daughter E. for life, and at her death to pay the principal to her two children. To each of his other daughters, except one, he gave $2,000 absolutely. To the remaining daughter and her children he gave sums aggregating $2,000. *Held*, that the bequest to the children of E. vested in them at testator's death, it being his intention to give to each of his daughters and their children an equal amount.

Judicial settlement of the accounts of the executor of the will of James Ball, deceased.

Abram F. Serviss, for the executrix of Theodore Ball, deceased.

John J. Beattie, for the administrator of Carrie Pelser, deceased.

COLEMAN, S. The question for determination in this case is the construction to be given the following clause of the testator's will:

    "Sixth. I give and bequeath to my executor hereinafter named the sum of $2,000, in trust to pay the interest thereof to my daughter Eliza Pelser, during her natural life, semiannually, and upon her death to pay the said principal sum of $2,000 to her two children, Maggie and Carrie, share and share alike."

Did the gift to Carrie at the death of the testator become vested, or was it contingent upon her surviving her mother? The testator died April 17, 1881, and his daughter Eliza Pelser died June 25, 1894, her daughter Carrie having died before her, in June, 1882. There is no gift in terms to the testator's granddaughters, Maggie and Carrie, but, by a rule of construction, they take a bequest by implication. By another rule of construction, where the only gift is found in a direction to divide or pay over at a future time, the gift is future and not immediate; contingent and not vested. Leake v. Robinson, 2 Mer. 363; Warner v. Durant, 76 N. Y. 133; Smith v. Edwards, 88 N. Y. 92. This rule of construction is mentioned frequently in the decisions of the highest court of this state, and even so late as in Miller v. Gilbert, 144 N. Y. 68, 38 N. E. 979. It is, however, rarely applied, because the rule is made subordinate to the further rule that effect must be given to the apparent purpose of the testator as gathered from his whole will. As in the case of Warner v. Durant, supra, where it was held that "a severance of the gift instanter from the general estate for the benefit of the legatee, and in the meantime the interest thereof is to be paid to him, that is indicative of the intent of the testator that the legatee shall at all events have the principal, and is to wait only for the payment until the day fixed." So, also, in Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388; In re Seebeck, 140 N. Y. 241, 35 N. E. 429; Dimmick v. Patterson, 142 N. Y. 322, 37 N. E. 109; Miller v. Gilbert, supra; and many other cases. In all of these cases, for one reason and another, the court finds in the will of the testator some provision which indi-

cated to the mind of the court that the testator intended the legacy to vest.    In fact, I have not found a case where the rule that a naked direction to divide or pay over is a contingent gift has been enforced after the case of Smith v. Edwards, 88 N. Y. 92. The provision above quoted from the will of James Ball is the only one in the will having any reference whatever to this $2,000, unless it is found in the gift of all the rest, residue, and remainder of the testator's real and personal estate to his son Theodore. This particular $2,000 is set apart from the rest of his estate for the use of his daughter and her children, and no other provision is made for any of them.    To another daughter, Sarah, he gives a like sum of $2,000; also, to his daughter Mary $2,000.    To his daughter Juliette he gave $1,500 only, but he gives to the children of that daughter $500 more.    So that we find in the will a provision for each daughter of $2,000.    To the other daughters than Eliza he gives it unimpressed with any trust, but the intention is quite clear that he intended this daughter and her children to receive eventually the same $2,000 his other daughters received, not contingently upon a survival, but payment to the granddaughters being only deferred until the death of their mother.    The decree will therefore provide for the payment of Carrie's share to her legal representative.    Decreed accordingly.