In the Matter of the Estate of FERDINAND H. BAUMILLER, Deceased.

Surrogate's Court, New York County, April 20, 1935.

*Charles F. Leining,* for the petitioners Julia Behrens and another, administratrices c. t. a.

*Leonard M. Henkin,* for the administrator, etc., of Louise V. Maggio.

*Mathew B. Sentner,* for Marguerite V. Baumiller and another.

*Frederick W. McGowan,* for the National Surety Corporation.

FOLEY, S.   In this accounting proceeding a construction of the will is requested.   The testator after creating a trust for the benefit of his wife so long as she might remain unmarried and his widow, provided as follows: " Upon the death or remarriage of my said wife I direct that the same shall be divided equally to and amongst my five children, the issue of any deceased child shall take its deceased parents share."

The testator died on April 23, 1901. He had five children. All of them and his wife survived him. One of his children, John, subsequently died on June 17, 1923, leaving a widow and two daughters. Another child, Louise V. Maggio, died, intestate, on September 25, 1929, leaving a husband, who was appointed administrator of her estate, but no issue. The widow of the testator thereafter died, unmarried, on June 15, 1931, thus terminating the trust herein accounted for.

The question presented for determination is, whether the remainder under the will vested in the five children of the testator living at his death, or in those living at the death of his widow and in the issue, if any, of any child who predeceased his widow. I hold that the remainder vested at the death of the testator in his five children who survived him. Neither the persons to whom, nor the event upon which the remainder was limited, was uncertain. The gift was " to and amongst my five children." Had the testator mentioned his five children *nominatim*, he could not have more clearly described the persons who were to take. There was no contingency as to the persons entitled. The gift was not to a class but to definite ascertainable persons — all of the testator's five children. (*Matter of Russell*, 167 N. Y. 169; *Matter of Horvath*, 155 Misc. 734.) Nor could there be any contingency as to the event. The widow was certain either to die or to remarry. Upon the happening of either event the remainder took effect. In such case it may be concluded that ownership was intended to be absolute or vested even though the only words of gift were contained in a direction to divide (*Matter of Buechner*, 226 N. Y. 440), and that the five children were each entitled to take, distributively, a one-fifth share of the remainder. (*Matter of Embree*, 9 App. Div. 602, 606; affd., 154 N. Y. 778; *Matter of Ralph*, 91 Misc. 373; affd., 175 App. Div. 906; *Vanderpool* v. *Burke*, 63 Misc. 545, 547.) Furthermore, unless clearly indicated to the contrary in the will of a testator, the law favors vested rather than contingent remainders. The words " upon the death or remarriage of my said wife " do not create a contingency. They merely indicate the time when the remainder shall take effect in possession and not the time of vesting in interest. Possession in the five children of the testator was merely postponed by the testator pending the termination of the intermediate estate for the benefit of his widow. (*Moore* v. *Lyons*, 25 Wend. 119; *Connelly* v. *O'Brien*, 166 N. Y. 406; *Matter of O'Dell*, 124 Misc. 76.) The death of any child prior to the death of the widow did not affect the vested interest of such child in his or her share of the remainder. Nor do the words " the issue of any deceased child shall take his deceased parents share " indicate an intention on

the part of the testator to postpone vesting in interest until the termination of the trust. The death of a child referred to under that provision, in the circumstances, must be held to refer to death in the lifetime of the testator. The rule is, that where there is a bequest or devise to one person absolutely and in the event of his death to another, the contingency referred to is death during the lifetime of the testator. (*Moore* v. *Lyons*, 25 Wend. 119; *Washbon* v. *Cope*, 144 N. Y. 287, 297; *Stokes* v. *Weston*, 142 id. 433; *Vanderzee* v. *Slingerland*, 103 id. 47; *Mullarkey* v. *Sullivan*, 136 id. 227.) I accordingly hold that each of the children of the testator became vested upon his death with an equal one-fifth share of the remainder. The shares of the testator's children Louise V. Maggio and John Baumiller, who predeceased his widow, are, therefore, payable to their respective personal representatives.

Objections having been filed by the administrator of the estate of Louise V. Maggio, the issues raised by such objections have been set for a hearing before me on the 14th day of May, 1935, at two-thirty P. M. Upon the determination of such objections, a decree may be submitted construing the will and settling the account accordingly.