In the Matter of the Estate of ALLEN S. CURLETT, Deceased.

Surrogate's Court, Westchester County, February 11, 1938.

*George P. Brauburger,* for Julian St. John Wattley, petitioner.

*Curtis, Mallet-Prevost, Colt & Mosle* [*F. Robert Swartwout* and *Herbert S. Schwab* of counsel], for Lewis R. Curlett, Sr., as executor, etc.

*Samuel Boxer,* for Mary Jacobs and Alfred Jacobs, as guardian of Dorothy Ann Jacobs, minor.

*Abraham Males,* for William Bookstaver, as administrator, etc.

*John P. Broomell,* or the First Church of Christ Scientist.

*Daniel W. Patterson,* special guardian for Dorothy Ann Jacobs and Catharine May Curlett, minors.

MILLARD, S. This is a petition for the construction of paragraph " sixth " of the will of this decedent. The petition is made by Julian St. John Wattley, one of the executors under the last will and testament of Georgia M. Curlett, deceased, who was the wife of this decedent.

Allen S. Curlett died on February 23, 1914, leaving a will admitted to probate on March 12, 1914, in which he appointed his wife, Georgia M. Curlett, executrix.

Paragraph " sixth " of his will reads as follows:

" All the rest, residue and remainder of my estate, real and personal, and mixed, I give, devise and bequeath unto my wife Georgia M. Curlett, for and during the term of her natural life, or until she shall remarry, with power so long as she remains single, to use such part of the principal as shall be reasonable and proper for her support, maintenance and comfort.

" The income thereof is to be for her actual personal and beneficial use, separate and apart from any husband she may have, should she remarry.

" Upon the death of my said wife, I give, devise and bequeath the said residuary estate or whatever may remain thereof as follows:

" I. If her Aunt, Mary E. Stocksdale, shall then be alive, I give and bequeath twenty thousand ($20,000) dollars thereof to my brother Lewis R. Curlett in trust nevertheless, as follows: to hold, invest, reinvest and keep invested the same and collect and receive the income thereof, and to pay the same over to said Mary E. Stocksdale quarterly for and during the term of her natural life and upon her death to pay the same over to my sister Ida N. Curlett.

" II. Five thousand ($5,000) dollars thereof to my cousin, Lillian R. Winsett of Baltimore, Maryland, if living.

" III. Five thousand ($5,000) dollars thereof to my cousin, Rose Winsett, of Baltimore, Maryland, if living.

" IV. Five thousand ($5,000) dollars thereof to my wife's cousin, Anna Clifton, of Baltimore, Maryland, or if dead, to her daughter, Leona Clifton.

" V. Five hundred ($500) dollars thereof to my name sake, Allen Craig, of Dubuque, Iowa.

" VI. Twenty-five hundred ($2500) dollars thereof to my friend, Mrs. Louisa Bookstaver, of New York City.

" VII. The remainder thereof, to such person or persons and in such manner and form as my wife by any instrument in writing in the nature of a Will or appointment executed under her hand, in the presence of two witnesses shall limit, direct or appoint and in default of such limitation or direction or appointment then to my next of kin under the Laws of the State of New York, as if I had died intestate."

Georgia M. Curlett, the widow of this decedent, died on November 1, 1936, leaving a will and a codicil thereto, admitted to probate on December 30, 1936. In her will and codicil, the said Georgia M. Curlett, deceased, exercised the power of appointment given to her under the will of her husband, this testator. Mary E. Stocksdale, mentioned in subdivision " I," and Rose Winsett, mentioned in subdivision " III " of said paragraph " sixth," predeceased the said Georgia M. Curlett. Mrs. Louisa Bookstaver, mentioned in subdivision " VI " of said paragraph " sixth," also predeceased the said Georgia M. Curlett, deceased, leaving her surviving a son, one William Bookstaver, who is the administrator of her estate.

The sole question here relates to the disposition of the legacies given in subdivisions " I," " III " and " VI " of paragraph " sixth "

of the will. The executors and the special guardian urge that these legacies were contingent and not vested, and fail because of the death of the respective legatees before the death of Georgia M. Curlett. Counsel for William Bookstaver, as administrator of Louisa Bookstaver, deceased, on the other hand, maintains that the legacy to her was vested subject to be defeated only in case Georgia M. Curlett used up all the principal of the estate during her lifetime.

The gift to the widow was a life estate and not a trust. So long as she remained single she was at liberty to use not only the income but such part of the principal " as shall be reasonable and proper for her support, maintenance and comfort." If she remarried she was to have the income only " separate and apart from any husband she may have."

A future estate is either vested or contingent. It is vested when there is a person in being, who would have an immediate right to possession of the property on the determination of all the intermediate or predecedent estates. It is contingent while the person to whom, or the event on which it is limited to take effect, remains uncertain. (Real Prop. Law, § 40.)

The rule is well settled in this State that a remainder is not to be considered as contingent in any case where, consistently with the intention of the testator, it may be construed as being vested. (*Hersee* v. *Simpson,* 154 N. Y. 496, 500.) Otherwise phrased, this means that an estate will be considered as vested unless some different affirmative interest is discernible in the testamentary disposition effected. (*Matter of Leonard,* 143 Misc. 172, 179.) There are many decisions to the effect that where the remaindermen are specified *nominatim,* their interests become vested cn the death of the testator regardless of the fact that the only words of gift respecting them are contained in a direction to divide and pay over. (*Matter of Soy,* 143 Misc. 217, 221, and cases cited.)

Testator's use of the phrase " upon the death of my said wife " simply related to the time of beneficial enjoyment (*Hennessy* v. *Patterson,* 85 N. Y. 91, 101; *Hersee* v. *Simpson, supra; Connelly* v. *O'Brien,* 166 N. Y. 406, 408; *Matter of Leonard, supra; Matter of Woodruff,* 135 Misc. 203), and in no way retarded the vesting of the legacy upon his death. The words used indicate a present intention to bestow a gift, speaking as of the date of death of the testator. (*Brundage* v. *Brundage,* 60 N. Y. 544, 548; *Matter of Green,* 160 Misc. 490, 493.) When this obvious intention is coupled with the significant fact that the gift is made *nominatim,* it is difficult to escape the conclusion that a vested estate was intended. (*Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573, 580, 581; *McLean* v. *McLean.*

207 id. 365, 375; *Roosa* v. *Harrington*, 171 id. 341, 353; *Matter of Schwarzmann*, N. Y. L. J. Jan. 26, 1938, p. 425.)

" A gift to one followed by a gift to another of such part thereof as may remain at the decease of the first taker, can be enforced when the intention of the giver is clear and definite to limit the gift to the first taker to a life estate with power to dispose of the principal or any part thereof during his lifetime and to give to another such part of the principal as is not disposed of in the lifetime of the first taker." (*Tillman* v. *Ogren*, 227 N. Y. 495, 502; *Seaward* v. *Davis*, 198 id. 415; *Matter of Taylor*, 149 Misc. 705, 706; *Matter of Pfeiffer*, 163 id. 615.)

The intention of the testator is clear. His will provides, in subdivisions " I," " II," " III " and " IV " of paragraph " sixth," that the legatees therein named were to receive their respective legacies only in case they were living at the time of distribution, *i. e.*, the death of his widow. This is particularly true with respect to the legacy of $20,000 to be held in trust for Mary E. Stocksdale, in which testator provided that the trust shall be set up if she " shall then be alive." In subdivisions " II " and " III " the legacies of $5,000 each to Lillian R. Winsett and Rose Winsett are to be paid to them " if living." Subdivision " IV " gives a legacy of $5,000 to Anna Clifton, " or if dead " to her daughter, Leona Clifton. No such limitation is made, however, with respect to the legacies of $500 and $2,500, respectively, to Allen Craig and Mrs. Louisa Bookstaver. It would, therefore, seem to be clear that he intended these legacies to be contingently vested subject to divestiture only in the event that his wife exhausted the entire principal of the estate during her lifetime. The legacies to Mary E. Stocksdale and Rose Winsett lapsed because they predeceased Ceorgia M. Curlett; hence they pass under the power of appointment exercised by her under subdivision " VII " of paragraph " sixth " of the will.

It is accordingly determined that the legacies to Lillian R. Winsett, Anna Clifton, Allen Craig and Mrs. Louisa Bookstaver became payable upon the death of Georgia M. Curlett, and the executors are instructed to make payment accordingly.

Submit decree accordingly.