## In the Matter of the Estate of JOHN T. KELLY, Deceased.

Surrogate's Court, Westchester County, May 12, 1938.

*Davies, Auerbach & Cornell* [*Sydney G. Soons* of counsel], for The Chase National Bank of the City of New York, trustee, etc.

*Harold C. McCollom*, for the executors of Irene E. McCollom.

*Earle P. Hite*, special guardian.

MILLARD, S. The decedent, a resident of Palm Beach, Fla., died on September 4, 1927, at Scarsdale, N. Y. At the time of his death he was the owner of real property situate in Westchester county and personal property within the State of New York. He was survived by his widow, Leslie McCune Kelly, and nine children, one of whom is an incompetent person. He left a will which was admitted to probate on October 5, 1927, and letters testamentary were issued to The National Park Bank of New York, the executor named in said will. The National Park Bank of New York was also named as trustee in said will. The executor filed its account and, on June 24, 1929, a decree was entered judicially settling the same. Thereafter The National Park Bank of New York merged with The Chase National Bank of the City of New York, whereupon the latter became and is now acting as trustee of the trusts created under the will.

Under articles " third " and " fourth " of his will testator created two trusts for the benefit of his widow, Leslie McCune Kelly: (1) A trust of his residence properties in Palm Beach, Fla., and in Scarsdale, N. Y., or the proceeds thereof; (2) a trust of the sum of $600,000. Upon the termination of said trusts by the death or remarriage of his wife, as the case may be, the principal thereof is to fall into and become a part of testator's residuary estate.

By article " ninth " of his will testator devised and bequeathed all of the residue and remainder of his estate to his trustee, to divide the same into nine equal parts or shares, to set apart and hold in separate trusts and invest each of said equal parts for the use of each of his nine children, as follows: Joseph A. Kelly, Ella May Ross, Irene E. McCollom, John T. Kelly, Jr., A. Bradley Kelly, Lillian L. Kelly, Walter McCune Kelly, Dean McCune Kelly and George Jones McCune Kelly.

As to Joseph A. Kelly and Ella May Ross, each are to receive one-third of their one-ninth part or share outright, one-half of the remainder at the age of sixty years, and the balance upon attaining the age of seventy years, the income in the meantime to be paid to them upon the balances remaining unpaid.

As to Irene E. McCollom, John T. Kelly, Jr., and A. Bradley Kelly, each are to receive one-third of their one-ninth part or share outright, one-half of the remainder at the age of fifty years, and the balance upon attaining the age of sixty years, the income in the meantime to be paid to them upon the balances remaining unpaid.

As to Lillian L. Kelly, testator's incompetent daughter, her one-ninth part or share is to be held in trust during the term of her natural life, with income payable quarterly to her or her committee, if any.

As to Walter McCune Kelly, Dean McCune Kelly and George Jones McCune Kelly, each are to receive one-third of their one-ninth share upon attaining the age of thirty years, one-half thereof at the age of fifty years, and the balance upon attaining the age of sixty years, the income in the meantime to be paid to them upon their respective shares or the balances thereof.

Article " ninth " further provides that, upon the death of the said Lillian L. Kelly, the principal of the residuary trust created for her benefit, together with any income accruing and remaining unpaid at the time of her death, is to be paid to her issue and/or her brothers and sisters as appointed by her will, or, in default of such appointment, to her issue and/or her brothers and sisters or their survivor. Provision is also made for a gift over of the other eight parts or shares of the residuary estate in the event of the death of the respective beneficiaries before he or she has received payment in full.

Irene E. McCollom, one of the daughters of testator, died on March 11, 1936. She left a will which was duly admitted to probate in the Surrogate's Court of Kings county on April 24, 1936, and letters testamentary were issued to William E. McCollom, Harold C. McCollom and The Chase National Bank of the City of New York.

The Chase National Bank of the City of New York is now accounting for its acts as trustee under the will of this decedent, and has requested a construction of the will for the purpose of determining whether the children of said testator, upon attaining the respective ages specified in article " ninth " of the will, become vested with an interest in the corpus of the trusts for the widow created under articles " third " and " fourth " of the will, subject to her life estate and interest therein.

At the time of her death, Irene E. McCollom had attained the age of fifty-four years and, under the terms of her father's will, had received two-thirds of the corpus of the trust created for her benefit under article " ninth " thereof. It is claimed that, at the time of her death, she had a vested remainder in two-thirds of one-ninth, or two-twenty-sevenths of the principal of the trust funds created under articles " third " and " fourth " of the will, subject to the life estate or interest of Leslie McCune Kelly, the widow.

Counsel for the respective parties and the special guardian agree that at the time of the death of this testator each of his nine children became vested with a one-ninth interest in remainder of the trusts created under articles " third " and " fourth " of the will subject

to the life estate or until the remarriage of his widow. The court is in agreement with this conclusion.

An estate is vested when there is an immediate right of present enjoyment or a present right of future enjoyment. (*Matter of Trevor,* 120 Misc. 22, 29; affd., 239 N. Y. 6; Real Prop. Law, § 40.) The adverbs of time, such as *when, then, after, from* and *after,* etc., in a devise of a remainder limited upon a life estate, are construed to relate merely to the time of the enjoyment of the estate and not to the time of its vesting in interest. (*Connelly v. O'Brien,* 166 N. Y. 406, 408.)

" The general policy of the law favors a construction which includes the vesting of estates, a vesting at the earliest possible moment, never presuming, in the absence of clear and unequivocal language, the intent that a bequest or devise shall be deemed contingent or uncertain, either as to beneficiary or otherwise. (*Hersee v. Simpson,* 154 N. Y. 496; *Connelly v. O'Brien,* 166 id. 406; *Cammann v. Bailey,* 210 id. 19; *Matter of Russell,* 168 id. 169; *Matter of White,* 213 App. Div. 82.) " (*Matter of Chalmers,* 238 App. Div. 672, 674; affd., 264 N. Y. 239.)

The words " upon the death of my said wife, or upon her remarriage " do not create a contingency. They merely indicate the time when the remainder is to take effect in possession and not the time of vesting in interest. Possession in the children of the testator was merely postponed by him pending the termination of the intermediate estate for the benefit of his widow. (*Matter of Baumiller,* 155 Misc. 815, 816.)

It follows, therefore, that, upon the death of the testator, each of his nine children became vested of one-ninth interest in remainder in the trusts created for her benefit under articles " third " and " fourth " of the will, subject only to the life estate or until remarriage of the widow, whichever event first happened, and upon their arrival at the ages specified in the will. I also hold that Irene E. McCollom was vested, at the time of her death, with a two-twenty-sevenths interest in the trusts created under said articles " third " and " fourth," subject only to the widow's life estate or interest therein. (*Dimmick v. Patterson,* 142 N. Y. 322; *Matter of Grefe,* 140 Misc. 134; *Matter of Jurgens,* 153 id. 118; *Matter of Baumiller, supra.*)

Submit decree accordingly.