In the Matter of the Accounting of Poughkeepsie Trust Company, as Substituted Trustee under the Will of Mary E. Elting, Deceased.

Surrogate's Court, Ulster County, May 29, 1943.

84

*Frank V. Mylod* for Poughkeepsie Trust Company, as substituted trustee.

*George F. Kaufman* and *John F. Wadlin* for Abraham Hasbrouck branch of family.

*Wiswall, Walton, Wood & MacAffer* for Mary E. Jackson branch of family.

FLEMMING, S.  Decedent left a substantial part of her estate in trust, the income not to exceed the sum of five hundred dollars to her husband for life, the excess of five hundred dollars, if any, to her son for life.  In the event of the death of the husband prior to that of the son, the son was to receive the entire income for life.  In the event of the death of the son prior to that of the husband the excess of five hundred dollars income going to the husband was to be accumulated until the death of the husband.  Upon the termination of the two lives, the son dying with issue, the entire remainder would pass to the issue of the son.  In the event the son died without issue the will directed that the remainder interest would go to the children of Abraham E. Hasbrouck, a nephew, and the children of Mary E. Jackson, a niece of testatrix, share and share alike.

At the death of the testatrix the following survived: the husband, the son, three children of the nephew and three children of the niece.  The husband predeceased the son.  The son died without issue.  The question presented to the court on the construction of the will is whether or not the interest, if any, passing to the children of the nephew and niece vested at the time of the death of the testatrix or was a contingent interest vesting

upon the death of the survivor of the two, the son dying without issue. Upon the death of the survivor of the two, three children of the niece survived. There were no children of the nephew surviving. It is the contention of counsel for the nephew's branch that the interest of the children of the nephew and niece vested upon the death of the testatrix and that the distributees of the deceased nephew took his share in the remainder. In support of this contention attention is called to section 40 of the Real Property Law wherein it is provided that a future estate is vested when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom, or the event on which, it is limited to take effect remains uncertain. It is claimed that upon the death of the testatrix, if all intermediate estates had then terminated, the children of the nephew and niece would have immediate right to possession of the remainder. The basis of this argument is the section of the Real Property Law referred to, which is a part of article 3 entitled " Creation and Division of Estates " and which has a direct bearing upon certain other sections contained in that article, particularly section 42. Section 42 deals with the suspension of the power of alienation and makes void in its creation every future estate which shall suspend the power of alienation, by any limitation or condition whatever, for a longer period than during the continuance of not more than two lives in being at the creation of the estate, with certain exceptions. That which has been said in connection with section 40 relative to vested and contingent future estates is a part of the legislative plan dealing particularly with real estate and a suspension of the power of alienation and is not decisive of a problem such as is presented in the instant case.

Here there was a suspension of the power of alienation for one life at least, for two lives if the son survived the husband. We must inquire into the intention of the testatrix as expressed in her will and its application to the facts involved. She apparently had a well-defined plan. Her first concern was for her husband, her next for her son, and in the event he died with issue the grandchildren were provided for; the two lives expiring, the son without issue, her thought was for the children of the nephew and niece.

Reference has been made by counsel representing the interested parties, survivors of the children of the deceased nephew, to *Matter of Baumiller* (155 Misc. 815 [FOLEY, S.]), where the testator created a trust, the income to his wife so long as she

might remain unmarried and his widow and "upon the death or remarriage of my said wife I direct that the same shall be divided equally to and amongst my five children, the issue of any deceased child shall take its deceased parent's share." It was held the remainder vested upon the death of the testator, that there was no contingency — the widow was certain to die or to remarry. Upon the happening of either event the remainder took effect. Possession in the children was postponed by the testator pending the termination of the intermediate estate for the benefit of the widow.

In the instant case there is a contingency, the happening of which would defeat the vesting of any interest in the remainder in the nephew or niece or their distributees. If the son of the testatrix died with issue his issue would take the entire remainder. Until the death of the son with or without issue the class that would take the remainder could not be determined. By the terms of the will of testatrix there was therefore a suspension of vesting of the remainder interest. The son would die, that was certain; that he would die with or without issue was equally certain; if he died with issue, the number of children, one or more, was uncertain. Therefore, the provision for his children was for a class unknown and uncertain. Until the event, the death of the son, and the question of his issue fixed, the children of the nephew and niece had no assurance whatever that they would participate to any extent in the remainder. The provision for them was therefore for a class to be determined upon the death of the son of testatrix, first as to whether they would participate, next as to how many survived the event of the death of the son, provided of course he died without issue. Their interest could not therefore be anything more than a contingent interest postponed until the happening of an event that would bring them in as participants or forever foreclose any right thereto. The testatrix here imposed a duty upon her trustees which is clear, that was to distribute the remainder of the trust funds, when the trust terminated by the death of the life tenants, among the issue of her son if he died leaving issue, and, in the event that he did not die leaving issue, among the children of her nephew and the children of her niece. The question involved is similar to that discussed in *Matter of Baer* (147 N. Y. 348), where it was said that the language of the will, read in the light of settled rules of construction, indicated clearly that the testatrix did not intend that the remainder should vest upon her death in the then-living children and heirs of her brother, but should be postponed until the time for divi-

sion and distribution arrived, and then to vest in such persons as answered to the description who survived. The children of her brother were to take no interest whatever, except upon the contingency of her daughter's death without issue. In case of her death leaving issue such issue would take the remainder absolutely. It was further said that where a final division and distribution is to be made among a class, the benefits of the will must be confined to those persons who come within the appropriate category at the time when the distribution or division is directed to be made. See also *Delafield* v. *Shipman* (103 N. Y. 163).

The authorities cited by counsel, namely, *Herzog* v. *Title Guarantee and Trust Co.* (177 N. Y. 86, 97), wherein it was said: "A bequest is not a gift to a class, where at the time of making it, the number of the donees is certain and the share each is to receive is also certain and in no way dependent for its amount upon the members who shall survive," and to the same effect, *Staples* v. *Mead* (152 App. Div. 745), correctly set forth the underlying rule and its application. The difficulty, however, is in their application to the facts and circumstances in the instant case. At the death of the testatrix the question as to who would take the remainder in the trust created by the terms of her will could not be determined until the happening of a future event, the death of the son. Should he die with issue, his issue would take; if he died without issue, then and then only would the children of the nephew and niece take. The number that would participate in that event could not be determined until the death of the son. The share each participant would take could not be determined until the death of the son. If the issue of the son took there would be at least one and might be more. If the children of the nephew and niece were to receive the remainder, there might be six and there could be more or less. We have therefore two classes, the rights of both to take contingent: One class — the issue of the son if issue there be; the other class — the children of the nephew and niece if the son died without issue; the interest of each class dependent upon a future event which time alone would solve.

It is no answer to say that we now know that the son died without issue, as for all purposes here under consideration the will speaks as of the date of decedent's death and the interest of the children of the nephew and niece vested then or at a future date, dependent upon the facts and circumstances here under review.

The instant case, unlike the cases last above referred to, contains the elements entering into a contingent estate vesting

at the time fixed for distribution, which is here the death of the son, the last of the life tenants. He having died without issue, the participants in the remainder are the children of the niece Mary E. Jackson surviving the son of the testatrix. The children of Abraham E. Hasbrouck having predeceased the son of the testatrix, they or their distributees have no interest therein.

A decree may provide accordingly.