In the Matter of the Accounting of MARINE TRUST COMPANY OF BUFFALO, as Trustee under a Declaration of Trust Made by JOHN M. FEDDERS, Deceased.

Supreme Court, Special Term, Erie County, April 3, 1946.

·*William H. Means* for Marine Trust Company of Buffalo, petitioner.

*Edward J. Garono* and *Irma R. Thorn* for Florence C. F. Dreher, respondent.

*Mary Dora Taylor* and *Daniel J. Kenefick* for Theodore C. Fedders, respondent.

*Robert W. McNulty* and *Regis O'Brien* for Daniel L. Fedders, respondent.

HINKLEY, J.   This decision calls for a judicial construction of a trust *inter vivos*.   The issue is of necessity confined to the

instrument of trust itself without regard to the disposition of the other property under the will of the deceased settlor. The primary question is whether a future estate created by the declaration of trust vested at the time of the death of the settlor or at the time of the death of his daughter, the life tenant.

The settlor, John M. Fedders, in his lifetime and on October 15, 1928, duly executed a declaration of trust. The trustee, the Marine Trust Company of Buffalo, accepted the trust, entered upon its duties of trusteeship and is still so acting. The entire corpus of the trust consisted of the proceeds of policies of insurance upon the life of the settlor. Upon the death of the settlor on April 25, 1934, the trustee in accordance with the provisions of the trust collected the various sums accruing under the policies and administered the trust for the benefit of the settlor's daughter, Evelyn L. Sievers (formerly Evelyn L. Fedders). Upon the death of the daughter, the trustee now seeks guidance from the court as to the proper disposition of the corpus of the trust.

The part of the declaration of trust which is before the court is as follows: " Upon the death of said Evelyn L. Fedders " (daughter of the settlor and then Evelyn L. Sievers) " the said trustee shall pay over the entire amount remaining in its hands to the children of the said Evelyn L. Fedders, in equal shares. If said Evelyn L. Fedders leaves no child or children her surviving then said trustee shall pay the entire balance in its hands at the time of her death in equal shares to my brothers and sisters, namely Louis F. Fedders, Christ W. Fedders, Theodore C. Fedders, Wilhelmina M. Couse, and Louise Deten-beck, per stirpes and not per capita."

The daughter, Evelyn L. Fedders, and the three brothers and two sisters of the settlor were all alive and in being at the time of his death. During the lifetime of the daughter and on February 4, 1942, one brother, Louis F. Fedders, died leaving a widow and an adopted son. Also during the lifetime of the daughter and on May 15, 1944, one sister of the settlor, Wilhelmina M. Couse, died without issue. Thereafter and on January 31, 1945, the daughter of the settlor died without issue.

The issue at hand may be briefly and clearly stated. If the future estate vested in the three brothers and two sisters at the time of the death of the settlor, then, subject to the life estate, each one of the five individuals became the absolute owner of one fifth of the funds to do with as he or she pleased. If, on the other hand, the future estate did not vest until the determination of the life estate, then the surviving two brothers and

one sister would each become the absolute owner of one fifth the funds at that time and the shares of the deceased brother and sister would be property undisposed of by the declaration of trust.

That the future estate of the settlor vested in his three brothers and two sisters at the time of the death of the settlor seems clear.

Section 40 of the Real Property Law (adopted in the Personal Property Law, § 11) is as follows: " *When future estates are vested; when contingent.* A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain."

In the instant case, when the settlor died, there were five persons in being, each of whom had an immediate right to the possession of one fifth of the funds upon the determination of the intermediate life estate of the daughter of the settlor, she dying without issue. That fact must stand admitted; the language of the trust in this respect is clear. The three brothers and two sisters are actually named and a definite share allotted to each. There are no words of survivorship such as survivor, surviving issue, children, next of kin, heirs at law, executors, administrators or descendants. By no construction of the trust's provisions was there a postponement of the vesting of the estate until the death of the daughter or any other time. The words imply a definite gift at the time of the death of the settlor to his three brothers and two sisters then in being.

There are certain landmarks to distinguish a vested estate which have existed since the time when the memory of man runneth not to the contrary. Where there are no words of survivorship, when there is no uncertainty as to the person or event, where the gift is not to a class, where there are persons in being who would be entitled to immediate possession of the property upon the determination of the intermediate or precedent estates, then the future estate is vested and not contingent. We can point under the determination of this trust to the three brothers and two sisters of the settlor at the time of his death and say as to them: " Those men and those women by virtue of a grant of a remainder would have an immediate right to the possession of the property if the precedent estate of another therein should now cease and therefore the three brothers and two sisters had a vested remainder upon the death

of the settlor. The determination of the precedent estate is all that is necessary to entitle those persons then *in esse* to take, and it cannot be denied that they had a vested remainder." (*Moore* v. *Littel,* 41 N. Y. 66, 76–77; *Matter of Watson,* 262 N. Y. 284, 299; *Matter of Seaman,* 147 N. Y. 69, 74.)

In the terse language of Chancellor KENT, " It is not the uncertainty of enjoyment in future, but the uncertainty of the right to that enjoyment, which marks the difference between a vested and contingent interest." (4 Kent's Comm. p. 206.)

The authority for this decision, which authority has never been modified, altered, or reversed, is found in *Matter of Brown* (154 N. Y. 313, 321–323 [1897]). There Judge HAIGHT said: " The statute provides that ' future estates are either vested or contingent. They are vested, when there is a person in being, who would have an immediate right to the possession of the lands, upon the ceasing of the intermediate or precedent estate. They are contingent, whilst the person to whom, or the event upon which they are limited to take effect, remains uncertain.' * * * Upon the death of the testator the grandchildren were all in being; under the will they had the immediate right to the possession of the estate upon the termination of the life estates. Their estates, were, therefore, vested at the time of the death of the testator * * *. It will be observed that no words of survivorship are used, either in the provision with reference to the income, or with reference to the *corpus* of the estate. Had he stated that the income, or the *corpus* should be paid to the children then surviving, there would have been reason for the contention that the persons who were to take remained uncertain and could not be determined until the time arrived at which the estate could be distributed. He then concluded with a declaration of his intention, saying: ' It being my intention and will that my said daughters shall have and enjoy absolutely for their own property during their lives respectively, each one-half of the whole income of my estate from the date of my decease, * * * and that the principal * * * be equally divided between the children of said daughters absolutely for their own property, subject, however, to the above-provided life estates in the same. One-half to the children of Mary W., and the other half to the children of Ella W.' Here again we have an express provision declaring his intention to give the estate absolutely to the grandchildren, without words of limitation as to the survivors, but subject to the outstanding life estates. How could they take subject to the outstanding life estates if their estates were unvested and contingent? If contingent, the persons who would take would remain uncertain

until the termination of the life estates, and they would not be vested with title until the happening of that event, and then they would take absolutely, subject to no life estate."

The *Brown* case (*supra*) was distinguished by Judge HAIGHT in *Clark* v. *Cammann* (160 N. Y. 315, 325) by emphasizing that in the *Brown* case (last cited, *supra*), the donees were persons in being and that there were no words of survivorship such as descendants or such as then survived. These were important considerations in determining the meaning of that will and induced the court to hold that, under the statute, the estate vested in the grandchildren, they all being alive at the death of the testator and having an immediate right of possession upon the determination of the life estate.

The *Brown* case (*supra*) was approved by Judge BARTLETT in *Salisbury* v. *Slade* (160 N. Y. 278, 290). Further authority may be found in *Hersee* v. *Simpson* (154 N. Y. 496), *Fulton Trust Co.* v. *Phillips* (218 N. Y. 573), *Connelly* v. *O'Brien* (166 N. Y. 406), *Matter of Watson* (262 N. Y. 284, *supra*), *Cammann* v. *Bailey* (210 N. Y. 19) and *Goebel* v. *Wolf* (113 N. Y. 405). Cases such as *Smith* v. *Edwards* (88 N. Y. 92), *Delafield* v. *Shipman* (103 N. Y. 463), *Matter of Baer* (147 N. Y. 348), *Matter of Crane* (164 N. Y. 71) and *Matter of Buechner* (226 N. Y. 440) are readily distinguished without the necessity of elaboration in this decision.

The statute was enacted to avoid the uncertainty in which the subject was involved. Judge WOODRUFF in *Moore* v. *Littel* (41 N. Y. 66, 77, *supra* [1869]) said: " * * * I deny the right to interpolate qualifications drawn from the refined reasoning of cases or textbooks, prior to the statute, to limit the operation of its plain terms." From the decision in the *Brown* case (*supra*) and a careful reading of all available authorities, it is apparent that the statute has survived not only the refined reasoning of cases in textbooks prior to its enactment, but all intermediate canons of construction, judicial reasoning, ill-considered language employed to define the divide and pay-over rule and the attempted creation of a vested contingent estate or a contingently vested estate.

The use of the phrase per stirpes and not per capita contained in the trust is meaningless. Following words of survivorship, it would have a definite meaning, but it is too far a cry and almost ridiculous to construe that phrase as containing words of survivorship or to say that the settlor who perhaps did not understand the meaning of the phrase, employed it to extend the trust to the issue of his brothers and sisters.

Studying the thousands of words of judicial interpretation and construction relating to trusts, one may discover language which emphasizes the divide and pay-over rule. But that rule is subordinate to the common law, the statute, and the enduring principles so clearly expressed by Judge HAIGHT in *Matter of Brown* (154 N. Y. 313, *supra*).

The definite import of this decision is that the three brothers and two sisters each acquired a one-fifth vested interest upon the death of the settlor which interests were subordinate to the life interest of the daughter of the settlor. There being no words of survivorship or succession contained in the trust and the settlor's sister, Wilhelmina M. Couse, having died without issue, her vested interest and the vested interest of Louis F. Fedders became at their death a portion of their respective estates to be administered in Surrogate's Court. The other two brothers, Christ W. Fedders and Theodore C. Fedders, and the other sister, Louise Detenbeck, are each entitled to a one-fifth share of the entire balance in the hands of the trustee at the time of the death of the daughter of the settlor.

Settle order on notice.