LUCILLE ALLEN et al., Plaintiffs, *v.* ERNEST N. WHITE et al., Defendants.

Supreme Court, Special Term, Albany County, September 19, 1951.

*J. Howard McIsaac* for plaintiffs.

*Draper & Bartle* for defendants.

TAYLOR, J.  The problem which requires resolution upon this motion to strike out the separate defense contained in the defendants' answer in an action for the partition of real property is whether the last will and testament of Henry Le Blanc, also known as Henry White, who died a resident of Albany County on April 23, 1910, created a vested or contingent remainder in his residuary estate subject to the use thereof by his widow during her lifetime or until her remarriage.  The testator left him surviving his widow, Mary, who remained unmarried until her death in 1946 and seven children, two of whom predeceased the widow and died intestate leaving them surviving distributees or heirs at law and next of kin who are the plaintiffs in the action.

The pertinent portion of the will is cast in these words: "After all my lawful debts are paid and discharged, I give, bequeath and devise all of my personal estate, goods and chattels of what nature or kind soever, together with all of my real estate, of every name and nature whatsoever, to my wife, Mary L. Le Blanc, to be used and enjoyed by her for and during the term of her natural life, provided she does not marry after my decease.  If she shall marry after my decease then she shall have the use and income of my said estate, real and personal, until such marriage.  And from and after her decease, if she does not remarry, and from and after such marriage if she does remarry, I give, bequeath and devise all of my said estate, real and personal to those of my children who shall then be living, to be divided equally between them, share and share alike."

In determining the intent of the testator, the troublesome words are "who shall then be living" in the last sentence of the quoted portion of the paragraph.  The plaintiffs contend that adverbs and similar expressions denoting time must be considered to relate to the time of the enjoyment of the estate and not to the time of its vesting in cases where, as here, a devise or bequest is limited by a life estate.  Grammatical niceties, they say, must yield to a construction based upon canons applicable to all wills.  The defendants urge that the words, in their context, were intended by the testator to refer to the time of the death or remarriage of the life beneficiary and thereby to postpone the ultimate vesting until either of those events had occurred.  The resolution of similar problems has occupied the attention of the courts on innumerable occasions

as the plethoric case law attests. The Legislature, too, has taken a hand in the resolution of the question by the enactment of section 40 of the Real Property Law (adopted in Personal Property Law, § 11) which reads as follows: " A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain." On the day on which the will of the testator was probated, there were persons in being to the number of seven who answered the description of the class of remaindermen who are specified in his will as " my children ".

From the extensive judicial expression on the subject — at times seemingly inaccordant — certain basic and fundamental canons of construction have evolved which serve as judicial guideposts for use in the penetration and determination of the intention of a testator or a settlor which intention, of course, is the paramount achievement of construction to be sought. The law favors as a matter of policy the early vesting of future estates. Unless there is a contrary intention unequivocally expressed in the creating instrument, the postponement of the vesting will not be imputed. (*Matter of Bolton,* 257 App. Div. 760, affd. 282 N. Y. 728; *Matter of Watson,* 262 N. Y. 284.) Also, a testator is not triflingly thought by the courts to have had in mind the unnatural instinct of the disinheritance of his posterity even when those who comprise it are not expressly mentioned in his will. The absence of words of survivorship is deemed important as evidencing an intent to vest the remainder immediately as are words of present gift. In the case at bar, the verbiage of this will — eliminating that not necessary to this determination — is markedly like that which was construed by the Court of Appeals in *Connelly* v. *O'Brien* (166 N. Y. 406) to have created a vested rather than a contingent remainder.

Applying those principles of construction and the statutes to the will in question, it must be held, I think, that its language sustains the view that the manifest intention of the testator was to give a life estate to his widow subject to divestiture upon her remarriage with remainders to his children postponing their enjoyment but not their vesting until the termination of the widow's life estate by her death or remarriage. (*Matter of Krooss,* 302 N. Y. 424; *Matter of Chalmers,* 238 App. Div. 672, affd. 264 N. Y. 239; *Matter of Bolton,* 257 App. Div. 760, affd. 282 N. Y. 728, *supra; Matter of Fedders,* 187 Misc. 201; *Matter*

*of Watson,* 262 N. Y. 284, *supra; Moore* v. *Littel,* 41 N. Y. 66; *Matter of Kelly,* 167 Misc. 751; *Matter of Curlett,* 166 Misc. 944; *Hersee* v. *Simpson,* 154 N. Y. 496; *Matter of Wallace,* 189 Misc. 473; *Matter of Montgomery,* 258 App. Div. 64, affd. 282 N. Y. 713; *Stokes* v. *Weston,* 142 N. Y. 433; *Matter of Clark,* 185 Misc. 174; *Matter of Schaefer,* 160 Misc. 43; Real Property Law, § 40; Personal Property Law, § 11.) The cases cited by the defendants typified by *Matter of Koch* (282 N. Y. 462) are not applicable to the facts present here.

The motion is granted, without costs.

Submit order.