Maximilian Moss, S.
Testator died on February 8,1940. He gave a legal life estate of Ms residuary estate to Ms widow with power to use the principal thereof for her comfort and maintenance. She died on September 21, 1955. During her tenancy two legatees, whose legacies were to be paid from the remainder of the life estate, died. The right of the personal representatives of said legatees to payment is questioned by the residuary remainderman because the legatees predeceased the life tenant. The provisions respecting the disposition of the remainder are set forth in article “ Fifth ” of testator’s will which reads as follows: “ Upon the death of my wife, either before or after my decease, or in the event we should perish in a common accident, the following is my Will:
“ 1.1 give and bequeath the sum of Five Thousand ($5,000.00) Dollars, to my brother, Alexander * * *, and in the event of Ms decease, I give the same to his wife, Ella * * *.
“ 2. I give and bequeath the sum of One Thousand ($1,000.00) Dollars each to my nieces Kate * * *, Jane, Stebbins, Glover * * *, Jane * * * Stires and the sum of One Thousand ($1,000.00) Dollars to my cousin, Caroline * * * and the sum of Five Hundred ($500.00) Dollars to Henrietta # # #
“ 3. All the rest, residue and remainder of my estate * * *, I give, devise and bequeath to Glover Van Cott, widow of my brother, Lincoln * * *, or, in the event of her death, to my niece Glover * * * and Jane * * * Stires, or to their lawful issue, share and share alike, per stirpes and not per capita. In case either of my said nieces shall have died without leaving issue, then the entire residue shall go to the other of said Meces, or her issue.”
The testator’s brother, Alexander, survived him but predeceased the life tenant. As his sole legatee was his widow, Ella, no question arises as to her right to receive such share in her individual and representative capacity. The testator’s nieces Kate and Henrietta likewise survived the testator and predeceased the life tenant. The residuary remainderman contends that their legacies never vested'by reason of their predecease of the life tenant.
It is urged that in substance there are two wills, the first of which gave legacies of $500 each to five sisters-in-law, a medical library to a medical society and the creation of a life estate of the residue for his widow. There are no provisions in those legacies concerning survivorship or gifts over of the cash legacies in the event that any legatee should die.
*811 Article “Fifth” is pointed to as in substance a new and different will, as it becomes operative only “ upon the death of my wife the following is my Will ” and it therefore implies futurity to all gifts contained therein. The introductory clause of testator’s will declared it to be such, and his usage of the phrase “ my will ” in article “ Fifth ” thereof lends some slight support to the contention that there are two wills.
Article “Fifth” of the will, however, only disposes of a residue of a residue in the circumstances which eventuated herein — the widow’s survival of the testator. Had she not so survived, subdivision 3 of article Fifth would have been the clause whereunder the primary residuary estate would have been disposed of and not a residue of a residue. The will does not contain language indicative of an intent upon the testator’s part that his estate be considered as though it were covered by two wills disposing of separate properties as is sometimes employed by testators in devising and bequeathing properties both within and without this State (cf. Matter of Smith, 254 N. Y. 283; Matter of Levy, 174 Misc. 923, affd. 261 App. Div. 947, affd. 286 N. Y. 592). The sole thing implying two wills is the usage of the phrase “my will” in article “Fifth”, which phrase is used merely in the sense of an introductory clause directing the disposal of either the primary residuary estate or the unexpended corpus of the life estate depending upon whether or not a life tenancy came into existence.
The only implication present in the introductory clause of article ‘ ‘ Fifth ’ ’ importing futurity is that payment of the legacies thereunder is postponed until the “ death of my wife ”. Similar expressions have been held to relate to the time of beneficial enjoyment and not to the date of vesting of the remainder (Matter of Curlett, 166 Misc. 944, 947 and cases cited).
The power given to the fife tenant to use part of the principal for her comfort and maintenance does not change those remainders which are payable therefrom and vested into contingent remainders (Robinson v. Robinson, 173 Misc. 985, 990 and cases cited), although such vested remainders could be defeated by the widow’s usage of the entire estate during her lifetime. (Matter of Nugent, 142 Misc. 594.)
Subdivisions 1 and 3 of article “Fifth” provide for substitutional and survivorship gifts in the event of death of the named legatees, thus indicating that the testator contemplated the possibility that death might occur and knew how to provide for such contingencies. The gifts under subdivision 2, however, are by words of present gift to persons nominatim and without *812 any provisions for substitution or survival of the life tenant. The court accordingly holds that the legacies of the legatees who predeceased the life tenant vested in them as of the testator’s death and are now payable to their legal representatives (Matter of Koorbusch, 199 Misc. 861 and cases cited). Settle decree on notice.