Irving A. Green, J.
The fiduciary of the deceased fiduciary of this estate, having filed his petition to judicially settle the final account herein of her proceedings, seeks, inter alia, a construction by this court to determine whether testamentary remainder gifts of a future estate limited to commence upon the termination of a precedent life estate vested indefeasibly in the remaindermen upon the death of the testator or whether, for vesting to occur, it was necessary for such remaindermen to survive the termination of the precedent life estate. The remainder gifts consist of preliminary specific bequests and conclude with bequests of the residuary. Residuary legatees have filed a brief contending for a construction which will determine that the remainder gifts hereinafter particularly discussed have lapsed, in which event, presumably, such lapsed legacies would fall into and increase the amount of distributable residuary gifts to such legatees.
The construction question arises under article "3” of the will, which follows article "2” providing for the entire estate, after payment of its debts and expenses, to be used by the widow both with respect to all of the income as well as with respect to so much of the principal as she shall need. Said article "3” of the will then provides, so far as pertinent here, as follows:
"3. From and after the death of my said wife * * * I give, devise and bequeath my estate as follows:—
"a. To Ralph Newkirk and Bertha Newkirk, his wife, of Wallkill, New York, or the survivor, the sum of One Thousand Dollars ($1,000.00).
"b. To Arthur Newkirk and Ida Newkirk, his wife, of Walden, New York, or the survivor, the sum of One Thousand Dollars ($1,000.00).
"c. To Ransom Freer, Sr., of Gardiner, Ulster County, New York, the sum of One Thousand Dollars ($1,000.00).
"d. To Ransom Freer, Jr., of Gardiner, Ulster County, New York, the sum of One Thousand Dollars ($1,000.00).
* * *
"j. All the rest, residue and remainder of my property, both real and personal and of every name, nature and description, as follows:—
*112 "1. One-fourth QA) thereof to my sister, Mary Blood; and if she be not living, then to her child.”
It is not disputed that the contingent remainderman designated as the "child” of Mary Blood was Helen Boat.
The following are the significant dates:
July 17, 1950 Date of Execution of Will:
October 3, 1951 Date of Death of: Mary Blood:
February 7, 1959 Testator:
January 16, 1961 Bertha Newkirk:
July 19, 1966 Ransom Freer, Sr.:
April 14, 1967 Ransom Freer, Jr.:
May 31, 1971 Arthur Newkirk:
December 6, 1972 Helen Boat:
December 31, 1972 Ralph Newkirk:
August 21, 1973 Viola Walker, precedent life beneficiary:
Accordingly, all the above remaindermen, none of whom are within the protection of the anti-lapse statute (EPTL 3-3.3), survived the date of the execution of the will and survived the death of the testator; and all said remaindermen predeceased the life beneficiary of the precedent estate.
The quintessential issue to be determined here is whether by reason of these remaindermen’s failure to survive the termination of the precedent life estate their remainder interests lapsed. The answer to the question thus posed is found in statutory as well as long-settled decisional law.
These remaindermen each received a future estate. (EPTL 6-4.2, 6-4.3.) Each remainderman’s estate was created when the disposition creating it became legally effective. (EPTL 6-3.4.) Since the estates here were created by will they became effective when the testator died. (Garland v Raunheim, 29 AD2d 383.) A future estate is vested when there is a person in being who would have an immediate right to possession on the determination of the precedent estate. (EPTL 6-4.7; Matter of Kingston Trust Co., 14 AD2d 625.) The failure of a remainder-man to survive until the termination of a precedent life estate does not affect the vesting unless the language and intention of the testator as appears in the will clearly creates a contingent remainder with survivorship of the precedent life tenant a condition for vesting of the future estate.
The court notes that the above-quoted language of the will provides remainder gifts to persons nominatim. A gift to *113 persons nominatim is indicative of an intention to vest the remainder immediately. (Matter of Weaver, 253 App Div 24, affd 278 NY 605; Matter of Soy, 143 Misc 217.)
The testator’s language, in this will, "From and after the death of my said wife”, as is the use of similar adverbs of time in the disposition of a remainder limited upon a life estate, is construed to relate to the time of the enjoyment of the estate and not to the time of its vesting in interest. (Matter of Brown, 154 NY 313; Matter of Campbell, 307 NY 29; Matter of Carmer, 45 NYS2d 24.) The general rule is that the law favors the vesting of estates and unless a contrary intention is unequivocally expressed, it will not be imputed. Thus, a remainder estate will not be considered as contingent where it can be fairly construed to be vested (Matter of Lurrie, 186 Misc 805), and the vesting of an otherwise indefeasible future estate will not be prevented by reason of the power given the life beneficiary to consume all or part of the trust corpus. (Matter of Johnson, 212 App Div 768; Matter of Payne, 12 Misc 2d 861; Matter of Van Cott, 7 Misc 2d 809.)
The mere fact that the gift of the remainder to the child of Mary Blood (Helen Boat) was subject to a condition precedent or divesting contingency does not give rise to an inference that the gift was also subject to her surviving the life beneficiary. (Matter of Sweazey, 2 AD2d 292.) A devise and bequest to one person, and in the event of his death to another, is generally construed to mean that the contingency referred to is a death during the lifetime of the testator (Matter of Weaver, supra), unless a different intention as to survivorship is clearly expressed by the will.
Here, not only is there no express requirement of survival of the termination of the precedent life estate in the gift over to the child of Mary Blood, but there is also no provision for a further gift over in the event of such a failure by such child. The failure to so provide militates against the reading of a requirement of survival into the gift to the child of Mary Blood (Matter of Sweazey, supra). Matter of Crane (164 NY 71), and Matter of Hogg (156 App Div 301), relied upon by the residuary legatees, are inapposite as the words of gift in this will speak in praesenti and not in futuro. (See Matter of Weaver, supra.)
Accordingly, the court construes the aforesaid remainders created in favor of Ralph Newkirk and Bertha Newkirk, Arthur Newkirk and Ida Newkirk, Ransom Freer, Sr., Ran *114 som Freer, Jr., and Helen Boat as indefeasibly vested future estates by reason of their each having survived the testator and that upon the termination of the precedent life estate their and each of their legal representatives are now entitled to the possession of such respective estates and distribution thereof to the persons so entitled thereto shall be decreed.